NEW-YORK,
May, 1836.

Thompson
v.
Staats.

---

## Thompson *vs.* Staats.

It is no defence to a party prosecuted for *practising physic* without being authorized by law, that the medicine he administered was patent medicine, and that he administered it as the *assignee* of the *patentee*.

Error from the Albany mayor's court. Staats sued Thompson in the justice's court of the city of Albany for *practising physic*, not being authorized by law. It was proved that the defendant visited a sick man, felt his pulse and gave him medicine, which he took, and charged and received two dollars from the patient. The defendant offered in evidence *letters patent*, granted under the laws of the United States to *Samuel Thompson*, 28th January, 1823, authorizing him and his *assigns*, for the term of 14 years, to make, construct, use, and vend to others to be used, a certain improvement in the preparing, mixing, compounding, administering and using certain medicines, and offered to prove that the defendant (*John Thompson*) was an *assignee* of the patentee, and that the medicine administered by him to the patient was *composed of the materials*, and *compounded in the manner* describ-

NEW-YORK,
May, 1836.

Thompson
v.
Staats.

ed in the schedule annexed to the letters patent; and insist-
ed that as such assignee he had the right under the patent, to
administer such medicine, without being licensed to practice
physic, as required by the laws of this state. The evidence
was objected to by the plaintiff and rejected by the court.
The cause was tried by a jury, who found a verdict for the
plaintiff for *ten dollars*, for which sum judgment was ren-
dered. The mayor's court of Albany, on *certiorari*, affirmed
the judgment, and the defendant sued out a writ of error.

*J. Lansing*, for plaintiff in error.

*S. Dutcher & J. Harris*, for defendant in error.

*By the Court*, NELSON, J. The *letters patent* were prop-
erly rejected as irrelevant. They only authorize the patentee
and his assigns to make, construct, use and vend his newly
discovered compound of medicine; not "to practise physic or
surgery," within the regulations of the statutes of this state,
as found in 1 *R. S.* 454, § 16 and 19. This affords a suffi-
cient justification for the decision, if there were no other rea-
sons for it. When the terms of the patent are broad enough
to enable the patentee to put himself upon a footing with
these statutes, it will be time enough to consider the consti-
tutional question raised by the defendant, how far the law of
congress under which the patent was granted, and the laws
of this state regulating the practice of physic and surgery,
come in collision. The defendant pretended to no authori-
ty to practise physic under the laws of the state, and wheth-
er he had thus practised was a question of fact which the ju-
ry found against him.

Judgment affirmed.