Holliday adm'r. of Fuchs vs. Doyon.

---

HOLLIDAY ADM'R. OF FUCHS vs. DOYON.

1. If, under a complaint, the plaintiff could only recover by showing a demise, by his intestate, the complaint would be bad, as it would be necessary for him then to show a derivative title to the possession. 11 Mo. Rep. 605; 12 Ib. 303. But if, under the complaint, the plaintiff might show a demise by himself to the defendant, then the introduction of the words of description, "Administrator of the estate of Henry J. Fuchs," in the commencement of the complaint, would not authorize the circuit court to dismiss it. That he might show a demise by himself to the defendant, under such a complaint, there can be no doubt.

## APPEAL from Circuit Court of Buchanan.

HAYDEN, for appellant.

1. The complaint filed by Holliday against Doyon in this cause, contains such a statement of facts, if true, as entitled him to the judgment rendered in his favor against the defendant by the justice of the peace. It presents all that is required by the 3rd and 6th sections of the act concerning unlawful detainers, and the motion of the defendant upon which the circuit court dismissed the suit, is an admission of the truth of every fact stated in the complaint, as fully, as if the same had been found to be true by the verdict of a jury, had an issue of fact been made and submitted to their finding. This court will view the case, as it would if a verdict had been found and a motion in arrest had been made, and the judgment thereon arrested. Unless, therefore, it be true that the plaintiff as the administrator of said estate cannot lease the real estate of his intestate, and then require his tenant as such to surrender the possession thereof at the expiration of the term, this court is bound to reverse the judgment of the circuit court.

2. I insist that the plaintiff had the legal right to prove that the defendant was the lessee either of himself as administrator or that he was the lessee of his intestate, and that as such lessee he was guilty of the wrong complained of, and that it was error in the circuit court to deny him the right to make such proof by dismissing the suit upon the motion of the defendant. By the

25th and 26th sections of the 2nd article of the act respecting executors and administrators, Digest 1845, pages 75 and 76 it is enacted, that for all wrongs done, to the property, rights or. interest of another (except those specified in the 26th section) for which an action might be maintained against the wrong doer, such action may be brought by the person injured or after his death by his executor or administrator, in the same manner and with like effect in all respects as actions founded upon contract. Now, if it be true that it was competent for Fuchs in his lifetime to demise the premises in controversy for a term of years to the defendant so as thereby to acquire a right to demand of the defendant a performance of his contract, by paying the rent and surrendering the premises according to the terms of the contract, then it follows, that the failure or refusal of Doyon to surrender the possession of the premises to the intestate, or to his administrator (the plaintiff) was a wrongful and unlawful detainer of the same within the meaning of the Statute concerning unlawful detainers—and for which wrong or violation of right the intestate could have sued in his lifetime and consequently his administrator, who succeeds to and represents the rights, &c., of his intestate under the said 25th section of the act referred to may sue—that is to say he may sue in the same manner, in any form of action that the intestate could have adopted to redress the wrong complained of.

### Vories, for defendant.

1. The defendant insists that the circuit court correctly dismissed the suit and did not err therein.

Because, 1st, if the action accrued to plaintiff since the death of Fuchs upon the limitation of a lease or demise by plaintiff, then the action should have been by him in his individual capacity and not as administrator; and if the holding over was upon the termination of a lease by Fuchs in his lifetime, then plaintiff cannot maintain this action without inquiring into the title to the lot and relying upon the title derived from Fuchs which the law does not permit. See section 26, 1st article of 66 chapter of Revised laws.

2. An administrator as such cannot maintain this action for if he sues for a failure to deliver the possession upon the termination of a lease or demise made by his intestate he could only recover by showing a derivative title, which is not permitted. See Holland vs. Reed, 11 Mo. Rep. 605; Pecot vs. Masterson, 12 Mo. R. 303, and authorities there cited; also 7 Missouri Reports 112, 158 and 307.

3. The complainant should show the kind of tenancy that has existed between the parties and that plaintiff had once been in possession and let the premises to defendant, or otherwise show how plaintiff had the legal right to the possession, which the complainant in this cause fails to do and is therefore bad.

4. The complainant does not show that the premises in controversy were such as the administrator of Fuchs was entitled to nor does it show that he was authorized by the county court to take the possession thereof.

5. From plaintiff's own showing he could not make out his case without enquiring into the title of his intestate which is not permitted in this form of action.

### Gamble J., delivered the opinion of the court.

The appellant, Holliday, calling himself administrator of Henry J. Fuchs, filed his complaint before a justice of the peace in Buchanan county against Doyon, alleging that "the defendant wilfully and without. force, held over a certain room, &c., (describing the property and its situation) after the termination of the time for which it was let to him,

and after demand made in writing for the delivery of the possession thereof by the plaintiff who has the legal right to the possession."

The defendant appeared before the justice, and moved to dismiss the complaint because the plaintiff sued as administrator, and for other causes assigned, and this motion being overruled, the parties proceeded to trial and the plaintiff had judgment. The defendant appealed to the circuit court, and there renewed his motion to dismiss, which was sustained, and the plaintiff appealed to this court. The only point made is whether the circuit court erred in dismissing the complaint because the plaintiff sued as administrator.

If under the complaint, the plaintiff could only recover by showing a demise, by his intestate, the complaint would be bad, as it would be necessary for him then to show a derivative title to the possession: Holland vs. Reed 11 Mo. R. 605; Picot vs. Masterson 12 Mo. R. 303. But if under this complaint, the plaintiff might show a demise by himself to the defendant, then the introduction of the words of description ("Administrator of the estate of Henry J. Fuchs") in the commencement of his complaint, did not authorize the circuit court to dismiss it. That he might show a demise by himself to defendant under this complaint, there can be no doubt, and therefore the action of the circuit court was premature and erroneous, and its judgment, with the concurrence of the other judges, is reversed and the cause remanded.