(February 5, 1906.)

## STATE v. MILES.

[83 Pac. 697.]

MOTION TO DISMISS—SERVICE OF TRANSCRIPT AND BRIEF OF APPELLANT ON ATTORNEY GENERAL—STATE ADVERSE PARTY.

1. Where it is shown that the transcript and brief of appellant has not been served on the adverse party or his attorney, as required by the rules of this court, the appeal will be dismissed on motion.

2. On an appeal by the defendant in a criminal case the state is an adverse party, and the attorney general of the state is the attorney for the state on said appeal, and the brief of appellant and transcript of the record must be served on him as required by the rules of this court.

(Syllabus by the court.)

APPEAL from the District Court of Bannock County. Honorable Alfred Budge, Judge.

Defendant was convicted of the crime of burglary and appealed to this court. On motion the appeal was dismissed on the ground that the appellant failed to serve a copy of the transcript and his brief on the attorney general.

The facts are stated in the opinion.

Hawley, Puckett & Hawley, *Amici Curiae.*

J. J. Guheen, Attorney General, and Edwin Snow, for the State.

The respondent's motion to dismiss is based upon the fact that no service of the transcript or brief herein has ever been

made upon the attorney general. The attorney general is by law charged with the duty of representing the people of the state or of any county thereof in this court. (Rev. Stats., sec. 250, subd. 1.) It has been repeatedly held that the attorney general, or someone acting by his authority, is, in criminal causes, the sole and exclusive representative of the people in the supreme court. (*People v. Pacheco,* 29 Cal. 210; *Stewart v. State,* 24 Ind. 142; *State v. Fleming,* 13 Iowa, 433; *People v. Swift,* 59 Mich. 529, 26 N. W. 694; *People* v. *Burt,* 51 Mich. 199, 16 N. W. 378; *People v. Navarre,* 22 Mich. 1.) The rules of this court are explicit on the point we raise. (See par. 9, rule 27; par. 10, rule 27; par. 3, rule 6.)

SULLIVAN, J.—The appellant in this case was convicted of the crime of burglary and sentenced to a term of five years in the state penitentiary. The attorney general moved to dismiss the appeal (1) on the ground that no copy of the transcript of the record was ever served upon the respondent or its attorney, and no written evidence of such service had been filed as provided in paragraph 9 of rule 27 of the rules of this court. As to that ground of said motion, paragraph 9 of rule 27 of the rules of this court provides that in all cases where an appeal is perfected, transcripts of the record (showing the date of filing and the undertaking on appeal) must be served upon the adverse party and filed in this court within sixty days after the appeal is perfected, and written evidence of the service of the transcript upon the adverse party must be filed therewith. The appellant failed to comply with the provisions of that rule. The second ground of the motion is that no copy of the transcript after the same had been printed was ever served upon the respondent or its attorney as provided by paragraph 10 of rule 27 of said rules. Paragraph 10 of rule 27 provides that after the transcript is printed, a copy thereof shall be served upon the adverse party or his attorney. That rule has not been complied with by the appellant. The third ground of the motion is that no copy of the brief of appellant has ever been served upon the respondent or its attorney as provided by paragraph 3 of rule 6 of

said rules. Paragraph 3 of rule 6 of the rules of this court provides that the brief of appellant in both civil and criminal cases must be served within ten days after the filing of the transcript, which was not done in the case at bar. In the case at bar a printed transcript was prepared by the attorney of the appellant, and it was the duty of the appellant or his counsel to serve both the transcript and his brief on the attorney general at the time and in the manner required by the rules of this court. Paragraph 3 of rule 6 has been amended since this appeal was taken and requires the appellant in criminal cases to serve his brief both on the county attorney and the attorney general. Counsel for defendants in criminal cases on taking an appeal should see to it that the rules of this court are complied with in regard to the service of both transcript and brief. The attorney general is by law charged with the duty of representing the people of the state in cases in this court in which the state or the people is a party. Subdivision 1 of section 250 of the Revised Statutes, as amended by Laws of 1901, page 163, provides: ''It is the duty of the attorney general: 1. To attend the supreme court and prosecute or defend all causes to which the state or any officer thereof, in his official capacity, is a party; and all causes to which any county may be a party, unless the interest of the county is adverse to the state or some officer thereof acting in his official capacity.'' It has been repeatedly held in other states under statutory provisions similar to the one above quoted that the attorney general, or some one acting by his authority, is the sole and exclusive representative of the people in the supreme court. (*People v. Pacheco*, 29 Cal. 210; *Stewart v. State*, 24 Ind. 142; *State v. Fleming*, 13 Iowa, 443; *People v. Swift*, 59 Mich. 529, 26 N. W. 694; *People v. Burt*, 51 Mich. 199, 16 N. W. 378; *People v. Navarre*, 22 Mich. 1.)

In a criminal case in which the defendant appeals, the state is the adverse party and the attorney general is the attorney for the state in all such appeals, and is charged with the duty of looking after and attending to the state's interests, and a copy of the transcript and brief of the appellant must be

served on him as required by the rules of this court.   In this case there has been such an utter violation of the rules of this court in that regard that the motion to dismiss the appeal must be granted, and it is so ordered.

Stockslager, C. J., and Ailshie, J., concur.

---

(February 7, 1906.)

MOTION TO DISMISS—COUNTY A PARTY—SERVICE OF TRANSCRIPT AND BRIEF OF APPELLANT ON ATTORNEY GENERAL.