(February 7, 1906.)

## CORKER v. ELMORE COUNTY.

[84 Pac. 509.]

MOTION TO DISMISS—COUNTY A PARTY—SERVICE OF TRANSCRIPT AND BRIEF OF APPELLANT ON ATTORNEY GENERAL.

1. Under the provisions of subdivision 1 of section 250 of the Revised Statutes, as amended by Laws of 1901, page 163, the attorney general of this state is the attorney for a county when it is a party in a case on appeal, unless the interest of the county is adverse to the state or some officer thereof, acting in his official capacity, and in such case, under the provisions of paragraph 9, rule 27 of the rules of this court, the transcript on appeal must be served on him as required by said rule.

2. The briefs of appellant in such cases must also be served on the attorney general as provided by paragraph 3 of rule 6 of the rules of this court.

(Syllabus by the court.)

APPEAL from the District Court of Elmore County.  Honorable Lyttleton Price, Judge.

Motion to dismiss appeal.   Granted.

The facts, so far as material, are stated in the opinion.

W. C. Howie, for Appellant, cites no authorities on the points decided.

J. J. Guheen, Attorney General, and Edwin Snow, for Respondent.

SULLIVAN, J.—This is an appeal from a judgment of the district court on an appeal from an order of the board of county commissioners of Elmore county allowing a certain claim against the county. A motion has been made by the attorney general to dismiss the appeal upon the ground that the notice of appeal was not served upon the adverse party or his attorneys, and that no affidavit of such service appears in the record. It appears from the record that one Daniel W. Shetler appeared for the county in the court below and that he resides at Glenn's Ferry in said Elmore county, and that the attorney for appellant, on the twenty-eighth day of February, 1905, served a copy of the notice of appeal by mail upon said Shetler. While the affidavit of service states that the copy was mailed to Shetler on the twenty-eighth day of February, 1905, the jurat bears date of the twenty-fourth day of February, 1905. The latter date is shown by the affidavit of the attorney for appellant to have been a mistake, and that it was actually sworn to on the twenty-eighth day of February. Shetler having been the attorney for the county in the court below, it was proper to serve the notice of appeal upon him. The affidavit of the service of the notice of appeal and the affidavit explanatory thereof are sufficient to show the service of the notice of appeal.

The second ground of the motion is that no service of the transcript or of appellant's brief has ever been made upon the attorney general. It is contended that the attorney general is the only officer authorized by law to receive and acknowledge service of the transcript and brief in all cases wherein the state or any county of the state is a party. Under the provisions of subdivision 1 of section 250 of the Revised Statutes, as amended by Laws of 1901, page 163, it is made the duty of the attorney general to attend the supreme court and prosecute or defend all causes to which the state or any officer thereof, in his official capacity, is a party, and all causes to which any county may be a party, unless the interest of the county is adverse to the state or some officer thereof, acting in his official capacity. In the case at bar it is not claimed that the interest of the county is adverse to the state or to some officer

thereof, acting in his official capacity, and after the case at bar was appealed to this court the attorney general became the attorney for the county, and the transcript on appeal, under the provisions of paragraphs 9 and 10 of rule 27 of rules of this court, should have been served upon him, and under the provisions of paragraph 3 of rule 6, the brief of the appellant should have been served upon the attorney general. In the case at bar the transcript was filed in this court on April 28, 1905, and the cause set for hearing on the third day of January, 1906, and up to that date the attorney general had no notice whatever that there was such a case pending in this court. While we dislike to dismiss a case on what is termed a technicality, the loose practice in regard to such appeals as the one at bar must be checked and the rules of this court must be complied with in regard to the service of transcript and briefs on appeal.

In the case of *State v. Miles, ante,* p. 784, 83 Pac. 697, decided by this court at the November term, 1905, counsel for respondent had failed and neglected to serve the transcript on appeal and the brief of the appellant on the attorney general, and that case was dismissed on motion. The motion must be sustained and the case is dismissed, with costs in favor of respondent.

Stockslager, C. J., and Ailshie, J., concur.