Points Decided.

(September 29, 1908.)

STATE, Respondent, v. ALBERT H. SQUIRES, Appellant.

[97 Pac. 411.]

APPEAL IN A CRIMINAL CASE—MOTION TO DISMISS—TRANSCRIPT—CER-
TIFICATION—SERVICE—ATTORNEY ON APPEAL.

1. Under the provisions of sec. 8045, Rev. Stat., a criminal case
is appealed by filing with the clerk of the court in which the
judgment or order appealed from is entered or filed, a notice
stating the appeal from the same and serving a copy thereof upon
the attorney of the adverse party.

2. When an appeal is perfected under the provisions of the stat-
ute, the attorney general becomes the attorney for the state, the
adverse party, and is the counsel who has authority to act for and
on behalf of the state on such appeal.

3. Upon an appeal being taken in a criminal case, the clerk of
the court from which such appeal is taken is required by sec.
8051, Rev. Stat., to transmit the record to this court and to cer-
tify to the same.

4. The provisions of sec. 8051 may be waived by a proper stipu-
lation, entered into by the respective counsel, as to the correctness
and completeness of the record.

5. Where a transcript on appeal in a criminal case is not cer-
tified as required by law, and such certificate is not waived, the
same will be stricken from the files for want of proper certifica-
tion.

6. Under the rules of this court, the transcript on appeal must
be served upon the attorney. general as the attorney for the ad-
verse party, and the failure to make such service authorizes this
court on proper motion to strike from the files a transcript filed
in a case but not served.

7. Where a transcript on appeal has been stricken from the
files, and no new transcript is substituted or filed in lieu thereof,
there is no case before this court for review or consideration,
and upon motion the appeal in such case will be dismissed.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial
District for Latah County. Honorable Edgar C. Steele,
Judge.

The defendant was convicted of the crime of manslaughter,
and appeals from the judgment and order overruling a mo-

tion for a new trial. The attorney general moves to dismiss the appeal. *Motion sustained.*

J. J. Guheen, Attorney General, and B. S. Crow, for Respondent.

No service of the transcript in this case has ever been made upon the attorney general, who is by law charged with the duty of representing the people of the state, or of any county thereof, in this court. (Sec. 250, subd. 1, Rev. Stat. 1887.) The attorney general, or someone acting by his authority, is, in criminal causes, the sole and exclusive representative of the people in the supreme court. (*People v. Pacheco,* 29 Cal. 210; *Stewart v. State,* 24 Ind. 142; *State v. Fleming,* 13 Iowa, 443; *People v. Swift,* 59 Mich. 529, 26 N. W. 694; *People v. Burt,* 51 Mich. 199, 16 N. W. 378; *People v. Navarre,* 22 Mich. 1; see par. 9, Rule 27; *State v. Miles,* 11 Ida. 784, 83 Pac. 697; *Corker v. Elmore Co.,* 11 Ida. 787, 84 Pac. 509.)

Stewart S. Denning, for the Appellant, cites no authorities.

STEWART, J.—The defendant was convicted of manslaughter in the district court of Latah county. From the judgment and order overruling a motion for a new trial, he appeals. The attorney general moves to strike the transcript from the files and to dismiss the appeal, because the transcript is not certified as required by paragraph 9, and because the transcript was not served as required by paragraphs 9 and 10 of rule 27 of the rules of this court. Paragraphs 9 and 10 of rule 27 of the rules of this court, in force at the time this appeal was taken, require that the transcript be served upon the adverse party or his attorney and be certified by the attorneys of the respective parties or by the clerk of the court.

In the case of the *State v. Miles,* 11 Ida. 784, 83 Pac. 697, this court said:

"Where it is shown that the transcript and brief of appellant has not been served on the adverse party or his at-

torney, as required by the rules of this court, the appeal will be dismissed on motion.''

Also: ''On an appeal by a defendant in a criminal case, the state is an adverse party, and the attorney general of the state is the attorney for the state on said appeal, and the brief of appellant and transcript of the record must be served on him as required by the rules of this court.''

In the case of *Corker v. Elmore County,* 11 Ida. 787, 84 Pac. 509, this question was before this court again, and this court quoted with approval the case of *State v. Miles, supra,* and dismissed an appeal for the reason that there was no proof of service of the transcript on the attorney general.

Upon this appeal, the state of Idaho is the adverse party, and the attorney general is the attorney for the adverse party. (Subdiv. 1 of sec. 250 of the Rev. Stat. as amended by the Laws of 1901, p. 163.) It was necessary, therefore, that the transcript be served upon the attorney general as the attorney for the adverse party. (*State v. Miles, supra; Corker v. Elmore Co., supra.*)

There is no evidence whatever in the record showing service of the transcript upon the attorney general or anyone in his behalf. On the contrary, there is filed in this court, as a part of the motion to strike the transcript and dismiss the appeal, an affidavit of B. S. Crow, of the attorney general's office, to the effect that the transcript was never served upon the attorney general nor upon anyone connected with his office, and that a copy of the same was never received in the office of the attorney general. This affidavit is not contradicted nor in any way explained. No excuse or reason is given why such service was not made. The record, then, not only shows an absence of proof of service of the transcript, but affirmative proof that the transcript was never served.

The second ground of the motion relates to the sufficiency of the certificate attached to the transcript. There is attached to the transcript a stipulation made by the prosecuting attorney of Latah county and the attorney for the defendant to the effect that the transcript is correct and contains the

judgment-roll, statement of the case, bill of exceptions, motion for new trial, order overruling motion for new trial and notice of appeal. Sec. 8051, Rev. Stat., provides that upon an appeal being taken, the clerk with whom notice of appeal is filed must transmit to the clerk of the appellate court a copy of the notice of appeal and of the record and of all bills of exceptions, etc. It will thus be seen that the law requires the clerk to transmit the records to the appellate court and to certify to their correctness. This provision of the statute, however, may be waived by a stipulation entered into by the respective counsel as to the correctness and completeness of the record:

Under the provisions of sec. 8045, Rev. Stat., a criminal case is appealed by filing with the clerk of the court in which the judgment or order appealed from is entered or filed, a notice stating the appeal from the same, and serving a copy thereof upon the attorney of the adverse party. When the appeal is perfected under this provision of the statute, the attorney general becomes the attorney for the state, the adverse party, and is the only counsel for the state who has the authority to enter into a stipulation or agreement as to what the record contains, in lieu of the certificate required by the statute (sec. 8051).

The prosecuting attorney of the county is not the attorney for the state upon the appeal, and has no authority to enter into a stipulation which will in any way bind or affect the rights of the state upon such appeal. The prosecuting attorney is the prosecuting officer and the attorney for the state in the district court, but upon the appeal to the supreme court the attorney general by law is the attorney for the state, and the only one having authority to act therefor. The transcript, therefore, not having been certified as required by law, and such certificate not having been waived, such transcript is not certified as required by paragraphs 9 and 10 of rule 27 of the rules of this court. The motion, therefore, to strike the transcript from the files must be sustained. There being no transcript on file, and counsel for appellant offering no transcript, certified and served as required

by the statute and the rules of this court, there is no case here for review and consideration, and the appeal will be dismissed. The appeal is dismissed.

Sullivan, J., concurs.

AILSHIE, C. J., Dissenting.—Owing to the facts and circumstances peculiar to this case, I do not think it falls within the rule as announced in *State v. Miles*, 11 Ida. 784, 83 Pac. 697, and *Corker v. Elmore County*, 11 Ida. 787, 84 Pac. 509. On the oral argument, at the hearing on this motion, it was admitted that the transcript was served on the prosecuting attorney of Latah county; it was also admitted that a substantial copy of the transcript was mailed to the attorney general's office by Mr. Stillinger, the prosecuting attorney, in due time. It was further admitted that the attorney general had procured a copy from the clerk of this court for his use in preparation of the case. It is a further fact of which we take notice, that this case was filed during the session of the March term of this court at Lewiston, and the attorney general's office was not represented in court during that term. While the statute does not require the attorney general to be in attendance at the terms of court except when he has business before the court, still, under rules 35 and 36 (Idaho Digest, p. XIII) of this court, a defendant has a right to have a criminal case placed on the calendar at any time and no notice other than in open court is required to be given. In view of these facts and circumstances, it seems to me that under the directions of sections 8056 and 8070, Rev. Stat., the court should not dismiss the appeal in this case.