## W. J. DANKWORTH v. THE STATE.

### No. 341. Decided January 18, 1911.

#### Rehearing denied May 3, 1911.

**1.—Illegally Practicing Medicine—Indictment.**

Where, upon trial of illegally practicing medicine, the indictment was in approved form, and followed precedent, there was no error. Following Newman v. State, 58 Texas Crim. Rep., 223.

**2.—Same—Massage Treatment—Prescription.**

Upon trial of unlawfully practicing medicine, where the evidence showed that defendant practiced massage treatment for pay, it was immaterial whether or not a charge was made for the prescription at the drug store.

**3.—Same—Charge of Court—Masseur.**

Where, upon trial of unlawfully practicing medicine, the court charged the jury that the law did not apply to masseurs, in their particular sphere of labor, who publicly presented themselves as such, but that a masseur was not permitted under the law to treat or offer to treat disease, mental or physical, to effect cures thereof and charge therefor, directly or indirectly, money or other compensation, there was no error.

**4.—Same—Law in Force.**

The Act of the Thirtieth Legislature regulating the practice of medicine and punishing persons who unlawfully practice such became effective ninety days after the adjournment of the Legislature, and section 6 of said Act can not be construed to mean that the law did not become effective until one year and ninety days after the adjournment of the Legislature.

**5.—Same—Defense Theory—Diploma.**

Upon trial of unlawfully practicing medicine it devolved upon the defendant, if he relied upon the defense that he had a diploma from a reputable school of medicine, to make proof of same; and where the record on appeal showed that defendant never procured a license to practice medicine or filed his diploma as required by law, the conviction was sustained.

**6.—Same—Constitutional Law—Police Power.**

The Act of the Thirtieth Legislature, making it unlawful for any one to practice medicine without license, etc., is constitutional; besides, the Legislature has authority under the police power to pass such legislation.

Appeal from the County Court of Bell. Tried below before the Hon. W. S. Shipp.

Appeal from a conviction of unlawfully practicing medicine; penalty, a fine of $50 and one day confinement in the county jail.

The opinion states the case.

*John B. Durrett* and *W. K. Saunders* and *G. M. Felts* and *T. B.*

*Butler* and *J. H. Evetts,* for appellant.—On question that masseurs are not subject to prosecution: Act of 30th Leg., 1907, p. 224; Penal Code, arts. 5, 9, and 10; Graves v. State, 6 Texas Crim. App., 228.

On the question that the law was not in force at the time of the prosecution: Rogers v. Vass, 6 Iowa, 405; Schneider v. Hussey, 1 Pac., 343; Harding v. People, 15 Pac., 727; State v. Bemis, 45 Neb., 724.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was indicted, tried and convicted in the County Court of Bell County, Texas, on the 4th day of October, 1909, upon a charge of unlawfully practicing medicine.

This prosecution was brought under the Act of the Thirtieth Legislature, page 224, in which the practice of medicine is defined as follows:

"Sec. 13. Any person shall be regarded as practicing medicine within the meaning of this Act (1) who shall publicly profess to be a physician and surgeon, and shall treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof.

"(2) Or who shall treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury by any system or method or to effect cures thereof and charge therefor, directly or indirectly, money or other compensation."

Section 4 provides that it shall be unlawful for anyone to practice medicine in any of its branches upon human beings within the limits of this State who has not registered in the district clerk's office his authority for so doing in the county of his residence.

It was proven on the trial of this case that appellant had not registered in the office of the clerk of the District Court of Bell County his authority for practicing medicine; in fact, appellant, while on the witness stand testifying in his own behalf, admits that he had not filed for registration a license to practice medicine in Bell County or any other county. The State's witness testified that he carried his wife to see appellant at Dankworth Institute in Belton; that his wife was suffering with some female disease, and stated to appellant the nature of the disease, and he said he could cure her. "He charged me $20 and I paid it to him. Appellant said my wife needed a wash for use at home, and asked what drug store I patronized. I told him, and he said he would call by and have the wash put up for me. I afterwards called at the drug store and they gave me a powder with directions on it. He treated my wife at his home." Appellant, testifying in his own behalf, admitted in substance the facts as testified to by the State witness, but said he made no charge for recommending the wash received at the drug store.

He stated: "My occupation is that of masseur and I practice massage. Massage is a scientific method of treating diseases by systematic manipulation of the diseased parts with the fingers, hands and with brushes, vibrations, etc."

The indictment in this case is in proper form. It negatives every exception named in section 11 of the Act, and even if it did not do so, under the authority of Newman v. State, 124 S. W. Rep., 956, and authorities there cited, the indictment in this case would be valid.

As to whether or not one who holds himself out as capable of curing diseases by the massage treatment or other treatment, is guilty of violating this Act, is so fully and ably treated in the case of Newman v. State, hereinbefore referred to, we do not deem it necessary to discuss it here, and under the holdings of this court, that those who for pay practice massage for the cure of disease are liable, it becomes immaterial whether or not a charge was made for the prescription at the drug store.

The other assignments of error all relate to the failure to give several special charges requested by appellant. The court in his main charge instructed the jury: "You are charged that the provisions of the foregoing law do not apply to masseurs in their particular sphere of labor who publicly represent themselves as such; but in this connection you are further charged that a masseur is not permitted under the law to treat, or offer to treat diseases or disorders, mental or physical, or to effect cures thereof, and charge therefor, directly or indirectly, money or other compensation." This charge is in accordance with the decisions of this court, and there was no error in refusing to give the special instructions requested.

The judgment is affirmed.

### ON REHEARING.

#### May 3, 1911.

HARPER, JUDGE.—At a former day of this term the judgment herein was affirmed. Appellant has filed a motion for a rehearing, in which he earnestly insists that the medical practice Act as passed by the Thirtieth Legislature, and which was approved on April 17, 1907, did not become effective until one year and ninety days after the adjournment of the Legislature on April 12, 1907, and cites in support thereof sections 6 and 15 of said Act, and inasmuch as the offense is charged against appellant as of date May 15, 1908, or only one year and thirty-three days after the passage of the Act, his contention is there was no law in force at that time under which he could be prosecuted. We do not think such contention is the proper or legitimate conclusion to be placed on said Act. The Act itself became effective within ninety days after the adjournment of the Legislature, on the 12th day of July, 1907. In the Act, in section 6, it is provided:

"Within one year after the passage of this Act all legal practitioners of medicine in this State who, practicing under the provisions of previous laws, or under diplomas of a reputable and legal college of medicine, have not already received license from a State Medical Examining Board of this State, shall present to the Board of Medical Examiners for the State of Texas documents, or legally certified transcripts of documents, sufficient to establish the existence and validity of such diplomas or of the valid and existing license heretofore issued by previous examining boards of this State, or exemption existing under any law," etc.

If the defendant in this case held a diploma from a reputable or legal college of medicine, or a license issued by previous examining board, it was a matter peculiarly within his knowledge, and if he relied on this as a defense he should have made this proof. The record in this case instead of showing such defense, shows affirmatively to the contrary, the defendant testifying: "I never procured license to practice medicine. I have not filed for registration a license to practice medicine in Bell County or any other county." Laws in force prior to the passage of this Act required the diploma or license of a physician to be filed and recorded in the office of the clerk of the District Court in the county in which one proposed to practice, and inasmuch as defendant testified that he never filed in any county a license to practice medicine, the exceptions in the Act can not avail him. In line with the holdings of this court may be also cited the case of People v. Nyce, 34 Hun (N. Y.), 298, wherein it is held:

"On the trial the defendant admitted the fact that he practiced medicine at the time and place charged in the indictment; whereupon the district attorney rested the case. The defendant then moved for his discharge, on the ground that mere proof that he practiced medicine was insufficient to convict him of so practicing without a license. The court denied the motion. To practice medicine without a license or diploma, issued or granted to the practitioner, as the law requires, is declared a misdemeanor and is punishable as such. It being then proved or admitted that the defendant practiced medicine it was incumbent on him, in order to avoid the penalty imposed for the alleged unlawful act, to show that he did so under the protection of a license or diploma. The burden of proof was on him to show his justification. It has been so decided in many instances in analogous cases where persons were charged with selling liquor without license so to do. (Potter v. Deyo, 19 Wend., 361; The People v. Quant, 2 Park. C. R., 410; The Mayor v. Mason, 1 Abb. Pr., 344.)"

In this case also is assailed the constitutionality of this Act. Our Constitution commands the Legislature to enact laws regulating the practice of medicine, and the question has been so fully discussed in the opinions of this court heretofore rendered, we do not deem

it necessary here to discuss it, but the holding of this court is not only held valid by reason of the constitutional provision, but it is held by the great weight of authority that this power may be exercised under the police power of a State. In the case of Williams v. State, 121 Ill., 87, it is held: "It is the common exercise of legislative power to prescribe regulations for securing the admission of qualified persons to professions and callings demanding special skill, and nowhere is this undoubted exercise of the police power of the State more wise or salutary, and more imperiously called for, than in the practice of medicine. It concerns the preservation and the lives of the people." See also State v. Medical Examining Board, 32 Minn., 325; West Virginia v. Dent, 25 W. Va., 1; Thompson v. State, 15 Wend., 395; Hewitt v. Charier, 16 Pick., 395; State v. Hale, 15 Mo., 407; Bibber v. Simpson, 59 Me., 181.

The motion for rehearing is overruled.

*Overruled.*