### JOE WALKER v. STATE.

No. 1603. Decided October 23, 1912.

Rehearing denied November 27, 1912.

**1.—Election—Selling Intoxicating Liquors—Information.**

Upon trial of selling intoxicating liquors while a public election was being held, there was no error in overruling a motion in arrest of judgment, as the information was sufficient, and the words, "then and there," related to the time and place of offense.

**2.—Same—Proviso—Negative Averments Not Required.**

The proviso forms no part of the definition of the offense of selling intoxicating liquors on election day, and it was not necessary to allege that defendant was not a druggist, etc. Following Slack v. State, 61 Tex. Crim. Rep., 372.

**3.—Same—Information—Conjunction—Misdemeanor.**

By the use of the conjunction, "and," it is permissible to allege that a misdemeanor is committed in any of the ways defined by the statute.

**4.—Same—Evidence—Voting Precinct—Orders of Commissioners Court.**

Where, upon trial for selling intoxicating liquors on election day, the information described the voting precinct, the orders of the Commissioners Court were properly admitted in evidence, and that the place where the liquor was sold was in said voting precinct.

**5.—Same—Charge of Court—Place of Voting—Article 723.**

Where, upon trial of selling intoxicating liquors on election day, the evidence suggested no other place than the one alleged in the information, an objection that the Court's charge did not require the jury to find that the

acts took place in said voting precinct, is untenable, and there was no error under Article 723, Code Criminal Procedure.

### 6.—Same—Charge of Court—Purpose of Election.

Upon trial for selling intoxicating liquors on election day, it was not necessary in the Court's charge to state the purpose for which said election was held.

Appeal from the County Court of Delta. Tried below before the Hon. C. C. Dunagan.

Appeal from a conviction of selling intoxicating liquors on election day; penalty, a fine of $200.

The opinion states the case.

*Patterson & Patterson*, for appellant.—On question of insufficiency of the information: Fleeks v. State, 83 S. W. Rep., 381; Thweatt v. State, 49 Texas Crim. Rep., 617; 95 S. W. Rep., 517; Rice v. State, 38 S. W. Rep., 801; Anthony v. State, 41 Texas Crim. Rep., 393.

*C. E. Lane*, Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was prosecuted under an information alleging that in the town of Cooper, voting precinct No. 1, in the County of Delta, State of Texas, while a public election was being held on July 22nd, to determine whether the sale of intoxicating liquors should be prohibited in this State, he did then and there unlawfully and wilfully give to Henry Nidever intoxicating liquor, etc. When tried he was convicted and his punishment assessed at a fine of $200.

The motion in arrest of judgment was not well taken. By the use of the words "then and there" it was charged that the offense was committed in the town of Cooper. Moreno v. State, 64 Texas Crim. Rep., 660; 143 S. W. Rep., 156; DeLos Santos v. State, 65 Texas Crim. Rep., 518; 148 S. W. Rep., 919, and cases cited.

Neither was it necessary for the information to state that appellant was not a druggist, etc. The proviso forms no part of the definition of the offense. Dankworth v. State, 61 Texas Crim. Rep., 157; 136 S. W. Rep., 788; Slack v. State, 61 Texas Crim. Rep., 372; 136 S. W. Rep., 1073.

The other grounds in the motion—that the information charged both a gift of intoxicating liquor and charged that appellant "informed Nidever of the whereabouts of intoxicating liquor," present no ground in arrest of judgment. By the use of the conjunction "and" it is permissible to allege that a misdemeanor was committed in any of the ways defined by the statute. Hart v. State, 2 Texas Crim. App., 39; Davis v. State, 23 Texas Crim. App., 637; Gage v. State, 9 Texas Crim. App., 259; Nicholas v. State, 23 Texas Crim. App., 317; Lancaster v. State, 43 Texas, 519.

As qualified by the court bill of exceptions, No. 3 presents no error.

The information having alleged that the election was held in Cooper, voting precinct No. 1, in the County of Delta, in the State of Texas, the orders of the Commissioners Court creating precinct No. 1 were admissible in evidence as well as the fact that Cooper was in said voting precinct.

The court charged the jury: ''If you believe from the testimony in this case, beyond a reasonable doubt, that the defendant, on the 22nd day of July, 1911, and you further believe that said day was an election day as alleged in the information in this case, that the said defendant did then and there unlawfully during the said day on which said election was being held as stated in the information, wilfully give Henry Nidever intoxicating liquor and the said defendant did then and there inform the said Henry Nidever of the whereabouts of said intoxicating liquor, then in that event if you so believe, you should find the defendant guilty as charged herein.'' The objection that the charge does not require the jury to find that the acts took place ''in Cooper in voting precinct No. 1'' is rather hypercritical. When we take the complaint and information in connection with the charge, and the reference therein to the information, it is readily seen that it is impossible for the jury to have been misled, or have thought they were authorized to convict the defendant of an offense committed at any place other than as alleged. The evidence suggests no other place and shows beyond question that the offense, if committed, was committed in the town of Cooper; consequently, if subject to the criticism of appellant, we would not be authorized to reverse the case under Article 723 of the Code of Criminal Procedure. It was not necessary to state the purpose for which the election was being held, in the charge. The information sufficiently stated the purpose, and that it was a legal election ·cannot be questioned under the evidence.

The other criticisms of the charge and grounds in the motion present no error.

The judgment is affirmed.                                        *Affirmed.*

[Rehearing denied November 27, 1912.—Reporter.]