(July 20, 1918.)

## STATE, Respondent, v. JOSEPH T. COLE and MINNIE M. RAMBO, Appellants.

[174 Pac. 131.]

CRIMINAL LAW—APPEAL — TRANSCRIPT — SERVICE — DISMISSAL—LEWD COHABITATION—COMPLAINT—SUFFICIENCY OF.

1. Where the transcript on appeal in a criminal case contains no showing that it was ever served on the attorney general the appeal is subject to dismissal upon motion.

2. A criminal complaint must allege every element necessary to constitute the offense charged, or it is demurrable on the ground that it does not state facts sufficient to constitute a public offense.

3. The venue of an offense must be laid in the complaint, indictment or information.

4. Where it is sought to charge a divorced person with the crime of lewd cohabitation upon the theory that a subsequent marriage of such person is void by reason of having been consummated within the six months' inhibited period provided by Revised Codes, sec. 2617, the complaint must negative the fact that the subsequent husband or wife is not the divorced spouse.

5. A complaint charging lewd cohabitation is insufficient where it does not allege either that the defendants lived and cohabited together as man and wife or that they lewdly and notoriously associated together, and a complaint under the former clause which merely alleges that the parties openly lived together as man and wife states no offense,—the gist of such offense consisting of their cohabiting together.

[As to what constitutes living in open and notorious adultery, see note in 113 Am. St. 271.]

APPEAL from the District Court of the Seventh Judicial District, for Adams County. Hon. Isaac F. Smith, Judge.

Prosecution for lewd cohabitation. Judgment of conviction *reversed.*

Stinson & McCallum, for Appellants.

B. J. Dillon, Prosecuting Attorney for Adams County, for Respondent.

Counsel cite no authorities on points decided.

BUDGE, C. J.—Appellants, Joseph T. Cole and Minnie M. Rambo, were prosecuted in Adams county for the crime of lewd cohabitation. They were tried by a jury and convicted. This appeal is from the judgment of conviction.

The transcript contains no evidence that it was ever served on the attorney general and the rule is well settled in this court that where on appeal in a criminal case the transcript is not served upon the attorney general, the appeal is subject to dismissal upon motion, but none was made in this case. (*State v. Miles,* 11 Ida. 784, 83 Pac. 697; *Corker v. Elmore County,* 11 Ida. 787, 84 Pac. 509; *State v. Squires,* 15 Ida. 327, 97 Pac. 411; *State v. Burgy,* 22 Ida. 586–588, 126 Pac. 779.)

The allegations of the complaint so far as material to our discussion are as follows:

"That at Adams county, Idaho, and continuously from day to day from on or about the 22d day of February, 1917,

to the 30th day of April, 1917, a misdemeanor was committed by the above-named defendants as follows, to wit: That on or about the 21st day of February, 1917, the said defendants, Joseph T. Cole and Minnie M. Rambo, being then and there, did, for the purpose of avoiding and defrauding the laws of the state of Idaho, go into the state of Oregon to the town of Vale and purposely and with intent to evade and defraud the laws of the state of Idaho, procure a marriage license and go through the ceremony of what purported to be a marriage; that the said defendant Joseph T. Cole had been divorced from his lawful wife by a decree rendered in the district court of the 7th judicial district of Idaho, for Adams county, within six months prior to the said pretended marriage upon the said 21st day of February, to wit, on the 14th day of February, 1917; that the said defendants did, within seven days after the granting of said divorce, and knowing that they could not legally marry within the state of Idaho for a period of six months, and for the purpose of evading the laws of the state of Idaho, and for the purpose of defrauding the people of the said state of Idaho, procured the said marriage ceremony to be performed in the state of Oregon, as aforesaid; that the said pretended marriage was equally illegal and void in both the said states of Idaho and Oregon, and that the said defendants, Joseph T. Cole and Minnie M. Rambo, did immediately return to the said Adams county, Idaho, and ever since have openly lived together as man and wife without having been legally married at all; thus the said defendants, Joseph T. Cole and Minnie M. Rambo became guilty of the crime of lewd cohabitation.''

Before entering their plea of not guilty, appellants demurred to the complaint, the first ground of demurrer being that the facts stated did not constitute a public offense against the laws of the state of Idaho.

The only question to be determined is that raised by the demurrer above set forth, namely, Does the complaint state facts sufficient to constitute a public offense?

The crime of lewd cohabitation is defined by our statute as follows, Rev. Codes:

"Sec. 6812. If any man and woman, not being married to each other, shall live and cohabit together as man and wife, or shall lewdly and notoriously associate together, such man or woman is guilty of a misdemeanor."

The cause was prosecuted on the theory that appellant Cole, whose wife had procured a divorce from him, and appellant Rambo, while domiciled at Council in Adams county, had gone to Vale, Oregon, and there married, for the purpose of evading the law of Idaho prohibiting the marriage of a divorced person with any person other than the former husband or wife of such person, unless the former marriage has been annulled or dissolved more than six months. This statute is in the following language:

"Rev. Codes, sec. 2617. A subsequent marriage contracted by any person during the life of a former husband or wife of such person, with any person other than such former husband or wife, is illegal and void from the beginning unless: (1) The former marriage of either party has been annulled or dissolved more than six months; . . . . ."

The demurrer should have been sustained,

First, for the reason that the complaint does not contain any allegation negativing the fact that Minnie M. Rambo is the former wife of Joseph T. Cole. It is apparent that the latter section contains no inhibition against the marriage of the divorced parties with each other. It is equally apparent that a complaint of this character charging a divorced person who subsequently marries within the six months with the crime of lewd cohabitation (if that crime can be committed under the circumstances here charged, which we do not decide) must allege, in order to charge an offense under the laws of this state, that the other party to the subsequent marriage is not the former husband or wife of the divorced person so subsequently married.

Second, for the reason that the complaint contains no allegation either that appellants lived and cohabited together as man and wife, or that they lewdly and notoriously asso-

ciated together. Under sec. 6812, *supra*, there is no offense unless the parties either live and cohabit together as man and wife or lewdly and notoriously associate together, and the omission to allege one or the other of these acts is fatal. It is not sufficient to allege merely that the parties openly lived together as man and wife. The gist of the offense consists not in their living together, but in cohabiting together, and where it is sought to charge the crime of lewd cohabitation under this clause of the statute the complaint is insufficient if it does not charge that the parties cohabited.

Third, for the reason that the complaint does not allege that the open living together of appellants was in Adams county. As to where they openly lived together as man and wife, the complaint is silent. It is elementary that the venue of an offense must be laid in the complaint, indictment or information.

These are not merely technical defects but are material and necessary elements of the offense. This court has very recently held that an indictment or information (and necessarily a criminal complaint) must allege every element necessary to constitute the offense charged. (*State v. Scheminisky, ante,* p. 504, 174 Pac. 611). The demurrer to the complaint on the ground that it does not state facts sufficient to constitute a public offense should have been sustained.

The judgment is reversed with instructions to the trial court to dismiss the complaint.

Morgan and Rice, JJ., concur.