EARL MOORE v. THE STATE.

No. 6550. Decided December 14, 1921.

Rehearing denied January 25, 1922.

**1.—Rape—Sufficiency of the Evidence—Imputing Crime to Another.**

Where, upon trial of rape, upon a female under the age of consent, prosecutrix testified to the act of sexual intercourse and her age to be under that of consent, and defendant's defense that someone else committed the crime was not believed by the jury, the conviction was sustained.

**2.—Same—Indictment—Age of Prosecutrix—Unchastity—Pleading.**

Where the motion to quash the indictment and arrest of judgment claimed that the prosecutrix being over 15 years of age, the indictment should have alleged that she was of previous chaste character, held: that unchastity is made a defense between fifteen and eighteen years, but it is not necessary for the State to allege previous chastity.

**3.—Same—Requested Charge—Unchaste Character of Prosecutrix.**

Where the court's main charge instructed the jury that if they had a reasonable doubt as to whether the prosecutrix was over the age of fifteen years, and was of previous unchaste character, to find the defendant not guilty, etc., there was no error in refusing a requested charge on the same subject.

### 4.—Same—Requested Charge—Outcry—Age of Prosecutrix.

If prosecutrix was of previous unchaste character, was over fifteen years of age, and consented to an act of intercourse, it would be an absolute defense, regardless of whether she disclosed it immediately after the act was completed, and the court charging the jury that it was a defense, the doctrine of prompt outcry and report did not apply to rape with consent in under-age cases as it does to rape by force.

### 5.—Same—Alibi—Charge of Court.

Where the court's main charge sufficiently instructed the jury on the law of alibi, there was no reversible error in refusing a requested charge thereon.

### 6.—Same—Rehearing—Statutes Construed—Negative Proviso—Indictment.

The Act amending Article 1063, Title 15, Chapter 8, of the Revised Penal Code of the State of Texas, 1911, defining rape, etc., and providing if the woman is fifteen years of age, or over, the defendant may show in consent cases she was not of previous chaste character, as a defense; held, that this provision is not descriptive of the offense so as to require that the indictment should contain an averment of the previous chastity of the female. Following Kerley v. State, 89 Texas Crim. Rep., 199.

### 7.—Same—Negative Exceptions—Indictment—Rule Stated—Unchastity a Defense.

The doctrine is that the indictment, under the statute, like any other, must show a prima-facie case, and it need not do more. So, that if the statute has exceptions, provisos, and the like, those which are affirmative elements in the offense must be negatived in averment, while those in the nature of defense may be disregarded. In its application much depends on the location of the several clauses or provisions in the statutes; and applying this rule, the matter of chastity is not an affirmative element of the offense of rape upon a female under the age of consent, but unchastity is a fact available as a defense. Following Newman v. State, 58 Texas Crim. Rep., 226, and other cases.

Appeal from the District Court of Fayett. Tried below before the Honorable M. C. Jeffrey.

Appeal from a conviction of rape upon a female under the age of consent; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*George E. Lenert* and *John T. Duncan,* for appellant.—On question of age of prosecutrix and previous unchastity: Keck v. State, 234 S. W. Rep., 396; Robert v. State, 234 id., 89; Reeves v. State, 227 S. W. Rep., 668.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, Judge.—Conviction is for rape upon a female under eighteen years of age. Penalty, five pears in penitentiary.

Irene Brown, the prosecutrix, is a negro girl who was attending school in her neighborhood. Appellant, a colored youth about nineteen years of age, lived in the same community, and was acquainted with prosecutrix, though the evidence shows he had never been out with her to any parties or entertainments. No toilet had been provided

for the convenience of the school children, but they were accustomed to retire to the woods back of the school house when necessary to attend calls of nature.    Prosecutrix claims that on the 8th day of November, 1920, during the noon recess, while out in the woods to relieve herself, she met appellant, and the act of intercourse took place upon which this prosecution is based.   Appellant was not going to school, and this meeting she claims was not by previous appointment, but accidental, and was the only act of intercourse between them. She developed pregnancy, and attributes her condition to appellant. Accused vigorously denied his presence at the time and place fixed by the girl, and attributes her condition to her stepfather, and supported the theory by a rather remarkable story told by his mother and one of her kinsmen of seeing the girl and her stepfather copulating in plain view of the road, although there appeared to be near a weed patch in which they might have hidden.   The jury rejected this theory. Outside of the right of the jury to credit or discredit the testimony of any witness, two reasons are disclosed by the record why the jury may not have looked with favor on this story.   Two witnesses were produced by the State who testified that apepllant had offeerd them inducements to swear that they had seen prosecutrix and her stepfather copulating, which they declined to do, denying that they had ever witnessed such conduct.   Accused also wanted one of these witnesses to swear that he himself had indulged in sexual relations with the girl, which also the witness respectfully declined to do.   Another reason, the stepfather was shown to have been married three times to healthy women.   He lived with the first wife four years, with the second three years, and had been living with his third wife, the mother of prosecutrix, five years.   No children were born of any of these marriages.   In the course of nature the jury were authorized to presume that such results might have followed, and may have concluded it was passing strange that no children had come to bless his legal unions, but had unfortunately overtaken his stepdaughter as a result of his alleged illicit relations with her.

Omitting formal parts, the indictment alleged that appellant had carnal knowledge of Irene Brown, a female under eighteen years of age, and not appellant's wife.   Motions to quash, and in arrest of judgment were made claiming that if Irene Brown was over fifteen years of age, and under eighteen, the indictment should have alleged that she was of previous chaste character.   Previous unchastity is made a defense between fifteen and eighteen, but it is not necessary for the State to allege previous chastity.   That is presumed until the defense makes the issue.

Complaint is made because the court refused to give the following special charge: "Now, if the evidence shows or tends to show that Irene Brown was over the age of fifteen years when this alleged carnal intercourse took place, or if you have in your minds a reasonable doubt as to whether she was over the age of fifteen years and was of

previous unchaste character, then you will find the defendant not guilty' and so say by your verdict." We find this issue was presented to the jury in the third paragraph of the court's charge, and a repetition thereof was unnecessary and would have been improper.

The court was requested to charge the jury that if prosecutrix was over fifteen years of age, and of previous unchaste character, and never made any outcry concerning the commission of the offense, and no complaint for several months, and no disclosure concerning the same until her pregnancy made it obvious, that the evidence would be insufficient to convict. We can see no necessity of giving such charge. If prosecutrix was of previous unchaste character, was over fifteen years of age, and consented to an act of intercourse, it would be an absolute defense regardless of whether she disclosed it immediately after the act was completed. The jury were told it was a defense. The doctrine of prompt outcry and report does not apply to rape with consent in "under age" cases, as it does to rape by force.

The court gave a charge on alibi which protected appellant in this defensive theory, and it was not required of the court to submit the same issue in other terms.

Finding no errors in the record, the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING,

January 25, 1922.

MORROW, PRESIDING JUDGE.—It is again insisted that the indictment was bad in that it failed to state that the prosecutrix was of previous chaste character. The statute is found in the Acts of the Thirty-fifth Legislature, Fourth Called Session, Chapter 50. The caption reads thus:

"An Act to amend Article 1063, Title 15, Chapter 8, of the Revised Penal Code of the State of Texas, 1911, defining rape and declaring an emergency."

As applied to the phase of rape upon which this prosecution depends, it is defined as "carnal knowledge of a female under the age of eighteen years, other than the wife of the person, with or without her consent, and with or without the use of force, threats or fraud." The section concludes with these words:

"Provided, that if the woman is fifteen years of age or over, the defendant may show in consent cases, she was not of previous chaste character as a defense."

We have heretofore construed this statute as evidencing the intent of the Legislature to advance the age of consent to carnal knowledge to eighteen years and to declare that the one accused of the offense might justify his act of carnal knowledge with the consent of the

prosecutrix over fifteen years of age by showing that she was of previous unchaste character. Norman v. State, 89 Texas Crim. Rep., 230, 230 S. W. Rep., 992.

We have also expressed the opinion that the proviso mentioned was not descriptive of the offense so as to require that the indictment should contain an averment of the previous chastity of the female. Kerley v. State, 89 Texas Crim. Rep., 199. In re-affirming this view in the instant case, we are constrained to think we were not in error.

The necessity for negativing exceptions is a subject upon which there has been many judicial expressions. From the text in Cyc. of Law & Proc., vol. 22, p. 344, the purport of them is thus stated:

"It is necessary to negative an exception or proviso contained in a statute defining an offense where it forms a portion of the description of the offense, so that the ingredients thereof cannot be accurately and definitely stated if the exception is omitted. Where, however, the exception or proviso is separable from the description and is not an ingredient thereof, it need not be noticed in the accusation, being a matter of defense. As the rule is frequently stated, an exception in the enacting clause must be pleaded; but an exception in a subsequent clause or statute is matter of defense to be shown by the accused."

A review of the various decisions of this court upon the subject we deem unnecessary; in fact, the number of them precludes it. They are listed in Branch's Ann. Texas Penal Code, sec. 510. The general rule is thus stated by Mr. Bishop in his new Crim. Proc., vol. 2, p. 491, sec. 631:

"The doctrine is, that the indictment on a statute, like any other must show a *prima-facie* case, and it need not do more. So that if the statute has exceptions, provisios, and the like, those which are affirmative elements in the offense must be negatived in averment, while those in the nature of defence may be disregarded. Such is the principle; in its application, much depends on the location of the several clauses or provisions in the statute."

Applying this rule in the light of our own decisions, as we understand it, the matter of chastity is not an affirmative element of the offense, but the unchastity is a fact available to the accused as a defense. Among the Texas cases illustrating this view, we refer to Mosley v. State, 18 Texas Crim. App., 311, which refers to the provisos in the Sunday Law. See Acts of the Eighteenth Legislature, p. 66; Newman v. State, 58 Texas Crim. Rep., 226, referring to the Medical Practice Act; Walker v. State, 68 Texas Crim. Rep., 315; 151 S. W. Rep., 318, referring to the gift of intoxicating liquor during an election; Slack v. State, 61 Texas Crim. Rep., 373, referring to the sale of intoxicating liquors; Lewis v. State, 7 Texas Crim. App., 567, referring to the unlawful possession of arms.

The motion for rehearing is overruled.

*Overruled.*