(May 31, 1923.)

## STATE, Respondent, v. C. S. ROE, Appellant.

[215 Pac. 835.]

CRIMINAL LAW—GAMBLING—COMPLAINT, SUFFICIENCY OF—"THEN AND THERE."

Where a complaint charging gambling stated the date of the offense and the county and state where it was committed, it was sufficient in the charging part of the complaint to refer to the time and place by using the words "then and there."

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. B. S. Varian, Judge.

Prosecution for gambling. Judgment of conviction. *Affirmed.*

George Donart, for Appellant.

No evidence was admissible against the defendant in this case over the objection of the defendant, for the reason that the complaint did not state facts sufficient to constitute a public offense or to charge the defendant with the commission of any offense. (C. S., sec. 8826; *State v. Flower,* 27 Ida. 223, 147 Pac. 786; *State v. Cole,* 31 Ida. 603, 174 Pac. 131.)

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Respondent.

The complaint states a public offense. (C. S., secs. 8826, 8834, 8835, 8706.)

Where the venue has been laid in the margin, the caption, or inducement, it is regarded as sufficient to refer to it in the body of the complaint by such words as "then and there." (22 Cyc. 312, notes 37 and 39; *State v. Roberts,* 26 Me. 263; *State v. Martin* (Mo.), 204 S. W. 537; *State v. Manovitch,* 50 Tex. Crim. 260, 96 S. W. 1; *Walker v. State,* 68 Tex. Cr. 315, 151 S. W. 318; *People v. Kings*

*River*, 209 N. Y. 207, 102 N. E. 598; *People v. Morena*, 64 Tex. Crim. 660, 143 S. W. 156; *State v. De Los Santos*, 65 Tex. Cr. 518, 146 S. W. 919; *Harrington v. United States*, 267 Fed. 97; *Balfe v. People*, 66 Colo. 94, 179 Pac. 137; *Koehler v. State*, 188 Ind. 387, 123 N. E. 111; *Fussell v. State*, 102 Neb. 117, 166 N. W. 197; *People v. Leoni*, 198 Ill. App. 376.)

The same rules which govern informations govern complaints. (*State v. Stafford*, 26 Ida. 381, 143 Pac. 528.)

BUDGE, C. J.—The appellant was prosecuted in Payette county for the crime of gambling. He was tried by a jury and convicted. This appeal is from the judgment of conviction.

The only question raised by appellant is as to the sufficiency of the complaint, the allegations of which, so far as material to our discussion, are as follows:

". . . . that on or about the 1st day of May, A. D. 1921, in the county of Payette, State of Idaho, a public offense was committed, to wit: that of gambling, by playing and carrying on a game played with dice for money, to wit, by C. S. Roe, the above-named defendant, who then and there wilfully, knowingly and unlawfully engaged in, played and carried on a game played with dice for money."

It is appellant's contention that the complaint fails to state the time and place where such crime was committed and reliance is placed upon the case of *State v. Cole*, 31 Ida. 603, 174 Pac. 131, to support such contention. It will be noted in the instant case that the words "then and there" are used in the charging part of the complaint, having reference to "on or about the 1st day of May, A. D. 1921" and "the County of Payette, State of Idaho," thereinbefore used, and we think this sufficiently establishes the time and place where the crime was committed.

In the case of *State v. Cole, supra*, being a prosecution for lewd cohabitation, the complaint alleged the return of the parties to Adams county and their living together as man and wife, but failed to allege whether they lived to-

gether in Adams county or where they lived together, and for that reason this court held the complaint insufficient.

The same rules which govern informations govern complaints. (*State v. Stafford*, 26 Ida. 381, 143 Pac. 528.) The rule with reference to indictments and informations is laid down in 22 Cyc. 312, where it is said: "Where the venue has been well laid in the margin, it is regarded as sufficient to refer to it in the body of the indictment by such words as . . . . 'then and there,' and the same is true when the county has been mentioned in the commencement or in the caption."

In the case of *Walker v. State*, 68 Tex. Cr. 315, 151 S. W. 318, it was held: "An information charging that in a certain town, voting precinct, and county of the state, while a public election was being held on a certain day, defendant then and there unlawfully gave to another intoxicating liquor, sufficiently charged, by the use of the words 'then and there,' that the offense was committed in the town specified." Also in the case of *De Los Santos v. State*, 65 Tex. Cr. 518, 146 S. W. 919, it was held: "Where an indictment for permitting gambling on premises stated the date of the offense and laid the venue in a certain county of the state, it was sufficient to refer thereafter in the indictment to the time and place by using the words 'then and there.' "

The judgment therefore must be affirmed and it is so ordered.

Dunn, J., concurs.

Wm. E. Lee, J., concurs in conclusion reached.