(July 2, 1918.)

STATE, Respondent, v. WALTER SCHEMINISKY, Appellant.

[174 Pac. 611.]

CRIMINAL LAW—INTOXICATING LIQUORS—UNLAWFUL SALE—PERSISTENT VIOLATOR—PREVIOUS CONVICTION—PLEADING AND PROOF.

   1. An indictment or information must allege all the facts constituting the offense sought to be charged.

   2. When the statute imposes a higher penalty upon a second conviction, it makes the prior conviction of a similar offense a part of the description and character of the offense intended to be punished, and the fact of such prior conviction must be charged and proved.

   3. An indictment or information charging a defendant with being "a persistent violator" under sec. 19, chap. 11, 1915 Session Laws, must contain a specific averment of the previous conviction, that act constituting an essential element of the offense defined by this section.

   4. Under the provisions of sec. 19, chap. 11, 1915 Session Laws, where the defendant is charged in the information with being "a persistent violator," it is for the jury to determine by a unanimous verdict whether or not the accused is guilty of a felony, and this can only be determined by proof of a former conviction adduced at the trial.

[As to constitutionality of statute imposing a heavier penalty for second offense, see note in 64 Am. St. 378.]

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. William W. Woods, Judge.

Action charging defendant, as a persistent violator, with the unlawful possession of intoxicating liquor. Judgment of conviction *affirmed.*

Therrett Towles, for Appellant.

The lower court erred in permitting the jury to be advised in any way and the state to prove before the jury the prior conviction of defendant of a violation of the prohibition act upon his prosecution as a persistent violator of the act. (Secs. 7992, 7993, Penal Code; 34 L. R. A. 398, note; *State v. Haynes,* 35 Vt. 570; 1 Wigmore on Evidence, sec. 196 (2); *People v. Sansome,* 84 Cal. 449, 24 Pac. 143; 1 Bishop on Criminal Law, 8th ed., sec. 961, p. 580; 12 Cyc. on Criminal Law, 952; *State v. Smith,* 8 Rich. L. (S. C.) 460; *Commonwealth v. Morrow,* 9 Phila. (Pa.) 583; *People v. Thomas,* 110 Cal. 41, 42 Pac. 456.)

H. J. Hull, T. A. Walters, Atty. Genl., A. C. Hindman and J. P. Pope, Assistants, for Respondent.

In the absence of a statute (as in Idaho) prescribing when the proof of a former conviction may be made, it may be proved on the trial and before the conviction of the second offense. (*People v. Sickles,* 156 N. Y. 541, 51 N. E. 288; 12 Cyc. 950; *Evans v. State,* 150 Ind. 651, 50 N. E. 820; *Thomas v. Commonwealth,* 22 Gratt. (Va.) 912; *People v. Thompson,* 33 App. Div. 177, 53 N. Y. Supp. 497, 498; *State v. Manicke,* 139 Mo. 545, 41 S. W. 223; *State v. Moore,* 121 Mo. 514, 42 Am. St. 542, 26 S. W. 345, 346; *State v. Cox,* 69 N. H. 246, 41 Atl. 862; *Johnson v. People,* 65 Barb. (N. Y.) 342; *Johnson v. People,* 55 N. Y. 512; 15 Cent. Dig., tit. "Criminal Law," sec. 1202 et seq.; Clark Cr. Proc., p. 204, and cases cited; *Bandy v. Hehn,* 10 Wyo. 167, 67 Pac. 979; *Tuttle v. Commonwealth,* 2 Gray (Mass.), 505; *Commonwealth v. Harrington,* 130 Mass. 35.)

BUDGE, C. J.—The appellant was informed against for unlawfully having in his possession intoxicating liquor. The information, after alleging the particular offense, contained the following averment: ''and he, the said Walter Scheminisky, having theretofore and on the sixth day of October, 1916, been adjudged guilty of a violation of the provisions of said act other than section 16 thereof.'' He was tried and convicted. This is an appeal from the judgment.

The errors assigned are based upon the action of the trial court in permitting the prosecuting attorney, over the objection of appellant, in examining the jury upon their *voir dire,* to advise them that the information charged that defendant had previously been convicted of a violation of the prohibition act, and in permitting the clerk to read to the jury that portion of the information so charging him, and in permitting the prosecuting attorney in his opening statement to the jury to refer to the fact that defendant had previously been so convicted, and also in the admission in evidence of a certified copy of the judgment of the prior conviction and in the refusal of the court to give to the jury Instruction No. 2–A requested by defendant.

It is the contention of appellant that the action of the court complained of in appellant's assignments of error deprived him of the legal presumption of innocence and prejudiced the jury against him; that the fact of his prior conviction did not become material until after his guilt of the second offense had been determined, and then only for the purpose of enabling the court to impose the proper punishment.

We are satisfied by the great weight of authority that the appellant's contention cannot be upheld. It is true, as contended by appellant, that sec. 1093, subd. 1, of Kerr's Penal Code of California, *inter alia,* provides that ''in cases where it charges a previous conviction, and the defendant has confessed the same, the clerk in reading it shall omit therefrom all that relates to such previous conviction.''

But this is where the indictment or information charges a felony. Section 7855, Idaho Rev. Codes, contains no such provision. Thus the case of *People v. Sansome,* 84 Cal. 449, 24

Pac. 143, and other cases cited by counsel under similar statutes, have no application to the case at bar.

Section 19, chap. 11, 1915 Session Laws, under which this information was drawn and conviction had, is as follows: "Sec. 19. A person having once been convicted of a violation of any of the provisions of this act, except section 16, who thereafter violates the provisions hereof, shall be considered a persistent violator of this act and shall be deemed guilty of a felony and upon conviction thereof shall be imprisoned in the state penitentiary at hard labor for not less than one year and not more than two years."

The weight of authority supports the view that under such statutes where a charge is brought for a second offense, and it is sought to convict and punish a defendant as a persistent violator. the former conviction must be alleged in the indictment or information and proved at the trial. (*Evans v. State,* 150 Ind. 651, 50 N. E. 820; *Tuttle v. Commonwealth,* 2 Gray (Mass.), 505; *Commonwealth v. Harrington,* 130 Mass. 35; *People v. Sickles,* 156 N. Y. 541, 51 N. E. 288; *Johnson v. People,* 55 N. Y. 512; *Johnson v. People,* 65 Barb. (N. Y.) 342; *State v. Cox,* 69 N. H. 246, 41 Atl. 862; *State v. Moore,* 121 Mo. 514, 42 Am. St. 542, 26 S. W. 345; *State v. Manicke,* 139 Mo. 545, 41 S. W. 223; *Bandy v. Hehn,* 10 Wyo. 167, 67 Pac. 979; Clark's Crim. Proc., 203; 12 Cyc. 950.)

The supreme court of Massachusetts, in one of the cases above cited, states the rule and the reason therefor in the following language:

"When the statute imposes a higher penalty upon a second and third conviction, respectively, it makes the prior conviction of a similar offense a part of the description and character of the offense intended to be punished; and therefore the fact of such prior conviction must be charged, as well as proved. It is essential to an indictment, that the facts constituting the offense intended to be punished should be averred." (*Tuttle v. Commonwealth, supra.*) To the same effect are *People v. Sickles, supra, Johnson v. People,* 55 N. Y. 512, *Bandy v. Hehn, supra,* and *State v. Manicke, supra.*)

The other Massachusetts case above cited went so far as to hold that a statute which provided that "it shall not be necessary in complaints under the act to allege such previous convictions" contravened the provisions of the twelfth article of the Declaration of Rights that no one should be held to answer for a crime or offense "until the same is fully and plainly, substantially and formally, described to him." (*Commonwealth v. Harrington, supra.*)

There is an additional reason under the law of this state why the fact of a former conviction in such cases must be regarded as an essential element of the offense charged, and one which must be alleged in the indictment or information, and proved upon the trial, in order to enable the jury to determine the guilt or innocence of the defendant. It is to be found in the distinction which the statute above quoted makes, namely, that while the first offense is merely an indictable misdemeanor, the second offense is a felony. An important element to be considered in this connection is that while five-sixths of the jury may render a verdict in misdemeanor cases (Rev. Codes, sec. 7781; Const., art. 1, sec. 7), in felony cases the verdict must be unanimous. And a defendant charged, as appellant was in this case, with being a persistent violator of the law prohibiting the possession of intoxicating liquor is charged with a felony and can only be convicted by a unanimous verdict of twelve jurors, a safeguard which the constitution and statutes of this state have thrown around a defendant and which the courts are not at liberty to disregard. The one outstanding fact which, under the statute, is sufficient to constitute the possession of intoxicating liquor a felony is the fact of a former conviction of a similar offense. It is this fact which is most material in determining the degree of the crime, and which the court and jury must both know by appropriate averment and competent proof before a conviction can be had and then, only, by a unanimous verdict. It is for the jury to determine whether or not the accused is guilty of a felony, and this can only be determined by proof of a former conviction.

The sixth assignment of error relied upon by counsel for appellant, wherein the court refused to give to the jury Instruction No. 2–A, is without merit, for the reason that the question involved in this assignment is the same question above disposed of.

We therefore hold that the course pursued by the trial court in this case was proper. No error appearing in the record, the judgment of conviction is affirmed.

Morgan and Rice, JJ., concur.