**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 43285-2015**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Boise, February 2016 Term** |
| Plaintiff-Respondent, | ) | |
| | ) | **2016 Opinion No. 20** |
| v. | ) | |
| | ) | **Filed: February 29, 2016** |
| ANDREY SERGEYEVICH YERMOLA, | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, in and for Kootenai County. Hon. Benjamin R. Simpson, District Judge.

The judgment of the district court for the crime of concealment of evidence is vacated.

Justin M. Curtis, Deputy State Appellate Public Defender, Boise, argued for Appellent.

John C. McKinney, Deputy Attorney General, Boise, argued for Respondent.

---

EISMANN, Justice.

This is an appeal out of Kootenai County from a judgment for the felony crime of willful concealment of evidence. For that crime to have been a felony rather than a misdemeanor in this case, the object concealed must have been about to be produced, used, or discovered as evidence in an investigation that involved a felony criminal offense. Because the State did not offer any evidence that the criminal offense at issue was a felony, we vacate the defendant's felony conviction and remand for entry of a conviction for misdemeanor willful concealment of evidence.

**I.**
**Factual Background.**

On January 8, 2013, Andrey Sergeyevich Yermola ("Defendant") texted his wife asking to meet her so they could talk. She responded that she was at work, but agreed to meet him at

the hospital where she worked in Spokane, Washington, during her lunch break. She met him outside the building where she worked, and she sat in the front passenger seat of the car he was driving. A friend of his was sitting in the back seat. They drove to an apartment complex so the friend could recover his cell phone at someone's apartment. After he left, Defendant told his wife that his cell phone battery was dead and asked to use hers. The friend returned to the car, and Defendant's wife asked to be driven back to work. When they arrived at the hospital, Defendant stopped the car and began searching through the contacts on his wife's phone. She asked for the phone, but Defendant would not give it to her. As they argued, Defendant's friend got out of the car. Defendant then sped off, with his wife still in the car. He drove recklessly, at a high rate of speed, from the hospital to a casino in Idaho. After entering the casino parking lot, he turned around and drove out of the parking lot and stopped next to the road. Upon stopping, he retrieved a pistol, wiped it off with a sweater, exited the car, and tossed the pistol into the snow. He then drove back to the casino, parked the car, and, after making a loud scene, walked away, tossing his wife's cell phone into a pond on his way to the casino.

Defendant's wife contacted a security guard, who contacted law enforcement. When the sheriff's deputies arrived, she related what had happened. The deputies were able to recover the pistol, which had been stolen. Defendant was charged with false imprisonment, unlawful possession of a firearm by a felon, grand theft by possession of stolen property, willful concealment of evidence of a felony offense, and possession of drug paraphernalia (which items had been found during a search of his car).

The charges were tried to a jury. The charge of unlawful possession of a firearm by a felon was dismissed during the trial because the State could not prove that the offense of which Defendant had been convicted in another state was a qualifying crime.[1] The jury found Defendant not guilty of grand theft by possession of stolen property and guilty of false imprisonment, felony willful concealment of evidence, and possession of drug paraphernalia. After he was sentenced, he appealed.

---

[1] The crime of unlawful possession of a firearm by a felon is defined in Idaho Code section 18-3316. For a prior conviction in another state to be a felony under the statute, it must be a felony crime that is comparable to one of the Idaho crimes listed in Idaho Code section 18-310. I.C. § 18-3316(2). The district court ruled that the elements of the out-of-state crime of which Defendant had previously been convicted was not comparable to the elements of any of the crimes listed in section 18-310(2). Therefore, the judgment of conviction for the out-of-state crime was inadmissible.

The only issue on appeal is whether there was sufficient evidence to convict him of concealing evidence of a felony offense, specifically whether the State was required to prove that the object concealed was evidence of a criminal offense that was a felony. The appeal was initially heard by the Idaho Court of Appeals, which, in an unpublished opinion, held that whether the crime being investigated was a felony was not for the jury to decide. We granted Defendant's petition for review. In cases that come before this Court on a petition for review of a decision of the Court of Appeals, we directly review the decision of the lower court as if the appeal initially came directly to this Court. *State v. Suriner*, 154 Idaho 81, 83, 294 P.3d 1093, 1095 (2013).

**II.**
**Was there sufficient evidence to convict Defendant of Felony Willful Concealment of Evidence?**

The crime of willful concealment of evidence can be either a misdemeanor or a felony, depending upon the facts. Idaho Code section 18-2603 defines both crimes as follows:

> Every person who, knowing that any book, paper, record, instrument in writing, or other object, matter or thing, is about to be produced, used or discovered as evidence upon any trial, proceeding, inquiry, or investigation whatever, authorized by law, wilfully destroys, alters or conceals the same, with intent thereby to prevent it from being produced, used or discovered, is guilty of a misdemeanor, unless the trial, proceeding, inquiry or investigation is criminal in nature and involves a felony offense, in which case said person is guilty of a felony and subject to a maximum fine of ten thousand dollars ($10,000) and a maximum sentence of five (5) years in prison.

The crime is a misdemeanor "unless the trial, proceeding, inquiry or investigation is criminal in nature and involves a *felony* offense," in which case it is a felony. I.C. § 18-2603 (emphasis added). The issue is whether the State is required to prove and the jury to find that the subject criminal offense is a felony.

In arguing that there was sufficient evidence to convict Defendant of the felony, the State relies on the decision of the Idaho Court of Appeals in *State v. Peteja*, 139 Idaho 607, 83 P.3d 781 (Ct. App. 2003). The issue on appeal in *Peteja* was whether the trial court had correctly instructed the jury in a felony destruction-of-evidence case. *Id*. at 609, 83 P.3d at 783. Idaho Code section 18-2603 applies to the willful destruction, alteration, or concealment of evidence. The defendant in *Peteja* contended that the trial court erred because the jury instruction setting

3

forth the elements of the crime failed to include the elements that the investigation "is 'criminal in nature' and 'involves a felony offense.' " *Id*. at 610, 83 P.3d 784. During oral argument in that case, the State admitted that the instruction was flawed because it "omitted the element of an investigation involving a felony offense." *Id*. The Court of Appeals held that "the instruction incorrectly articulated the law applicable to the felony destruction of evidence because it failed to require the jury to find that the investigation was 'criminal in nature' and 'involve[d] a felony offense.' " *Id*.

The State conceded in *Peteja* that the jury instruction was flawed because it did not include as an element of the offense that the investigation involved a felony criminal offense. The Court of Appeals agreed and correctly held that the fact that the investigation involved a criminal offense that was a felony was an element that must be proved by the State and found by the jury in order for a violation of Idaho Code section 18-2603 to be a felony. *Id*. at 613-14, 83 P.3d at 787-88.[2]

In the instant case, the State argues that whether the subject offense is a felony is not an issue for the jury to decide, and in its unpublished opinion in this case, the Court of Appeals agreed. The State argues in its brief on appeal that "it is not the province of the jury to classify a specific offense. . . . It is the Idaho Legislature's role to decide which criminal offenses are felonies, and which are not." This argument is nonsensical. The jury would not be classifying the subject offense. Its role would simply be to determine whether the evidence had proved that the legislature classified it as a felony. When a jury decides whether the elements of a crime or civil cause of action have been proved, it is not determining what those elements should be. It is only deciding whether those elements have been proved.

Having the jury determine whether the crime being investigated was a felony is not conceptually different from the jury deciding whether a prior criminal offense of a defendant

---

[2] In *Peteja*, the Court of Appeals incorrectly held that "whether the investigation 'involves a felony offense' depends upon whether the evidence that was destroyed, altered, or concealed would have tended to demonstrate the commission of a felony." 139 Idaho at 612, 83 P.3d at 786. That is contrary to the clear wording of the statute. It only requires that the person know that the object, matter, or thing "is about to be produced, used or discovered as evidence upon any trial, proceeding, inquiry, or investigation whatever, authorized by law." I.C. § 18-2603. To be admissible in a criminal trial, an item of evidence need not "tend to demonstrate the commission of a felony." It need only have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." I.R.E. 401. For example, admissible evidence may not "tend to demonstrate the commission of a felony," but it may tend to show that it was the defendant who committed the felony.

4

charged with being a felon in possession of a firearm is a felony. It is likewise not conceptually different from the jury deciding whether a defendant is a persistent violator, which juries have been required to do in Idaho since at least 1918. *State v. Scheminisky*, 31 Idaho 504, 174 P. 611 (1918) (persistent violator because of prior conviction under same act); *State v. Lovejoy*, 60 Idaho 632, 95 P.2d 132 (1939) (relying on *Scheminisky*, persistent violator because of two prior felonies).

The test for determining whether the State must prove and the jury must find that the criminal offense being investigated is a felony is whether that fact is an element of the crime of felony concealment of evidence. During oral argument before this Court, the State correctly conceded that it was an element of the felony crime of willful concealment of evidence.

The maximum punishment for the misdemeanor offense of concealment of evidence is a fine of $1,000 and six months in jail. I.C. § 18-113(1).[3] The maximum punishment for the felony offense is a fine of $10,000 and five years in prison. I.C. § 18-2603. The difference between the misdemeanor offense of willful concealment of evidence and the felony offense is whether the object concealed would be evidence in a criminal trial, proceeding, inquiry, or investigation that involves a *felony* offense. Therefore, the fact that the subject crime is a *felony* offense must be submitted to the jury and proved beyond a reasonable doubt because that fact increases the maximum penalty for the offense.

This Court recognized that fact in the 1918 *Scheminisky* opinion. There, the defendant was charged with illegal possession of intoxicating liquors and with previously being convicted of a violation of the same act. 31 Idaho at 506, 174 P. at 611. The trial judge refused to submit to the jury the issue of the prior conviction. *Id*. This Court held that "the former conviction must be alleged in the indictment or information and proved at the trial." *Id*. at 507, 174 P. at 612. One of the reasons mentioned by this Court was that the fact of the prior conviction increased the penalty for the crime charged from a misdemeanor to a felony. This Court stated:

> The one outstanding fact which, under the statute, is sufficient to constitute the possession of intoxicating liquor a felony is the fact of a former conviction of a similar offense. It is this fact which is most material in determining the degree of

---

3 Idaho Code section 18-2603 does not specify the punishment for misdemeanor concealment of evidence. Idaho Code section 18-113(1) states, "Except in cases where a different punishment is prescribed in this code, every offense declared to be a misdemeanor, is punishable by imprisonment in a county jail not exceeding six (6) months, or by a fine not exceeding one thousand dollars ($1,000), or by both."

the crime, and which the court and jury must both know by appropriate averment and competent proof before a conviction can be had, and then only by a unanimous verdict. It is for the jury to determine whether or not the accused is guilty of a felony, and this can only be determined by proof of a former conviction.

*Id*. at 508, 174 P. at 612. With respect to the right to a jury trial, there is no difference between requiring a jury to determine the existence of a prior conviction in order to increase a crime from a misdemeanor to a felony and requiring the jury to determine that the subject crime being investigated was a felony in order to increase the crime of willful concealment of evidence from a misdemeanor to a felony.

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the United States Supreme Court held, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id*. at 490. In *Blakely v. Washington*, 542 U.S. 296 (2004), the Court explained what it meant by a fact increasing the penalty for a crime beyond the prescribed statutory maximum. "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id*. at 303. In *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), the Court reiterated, "Consistent with common-law and early American practice, *Apprendi* concluded that any 'facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are *elements* of the crime." *Id*. at ___, 133 S. Ct. at 2160 (emphasis added). Whether the criminal offense that was the subject of the investigation is a felony is a fact that increases the prescribed range of the penalty for concealment of evidence. Therefore, that fact must be proved by the State and found by the jury.

In this case, the trial court instructed the jury that one of the elements of the crime of concealment of evidence was that "the defendant, ANDREY SERGEYEVICH YERMOLA, knowing that a Beretta .40 caliber pistol and/or a cell phone were about to be produced or used or discovered as evidence in a *felony* trial or inquiry or investigation."[4] (Emphasis added.) However, the fact that the inquiry or investigation involved a felony was not proved beyond a

---

[4] Defendant has not challenged the jury instruction on the ground that the theft of the cell phone was not evidence that could be produced, used, or discovered in a trial, inquiry, or investigation that was criminal in nature and involved a felony offense.

6

reasonable doubt because the State did not offer any evidence that the criminal offense that was the subject of the criminal inquiry or investigation was a felony. Therefore, there was insufficient evidence to support a conviction for felony concealment of evidence. The failure of the State to offer evidence on an essential element of a crime is not a harmless error. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of *every fact* necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970) (emphasis added).

The State argues that the jury instruction setting forth the elements of the crime of grand theft was sufficient evidence that the inquiry or investigation involved a felony criminal offense. That instruction began with the words, "In order for the defendant to be guilty of Grand Theft by Possession of Stolen Property, the state must prove each of the following." The State contends that labeling the crime as "Grand Theft" provided sufficient evidence that the crime being investigated was a felony criminal offense. The jury instructions are not evidence. Holding that a jury instruction would provide evidence of a crime charged would be no different from holding that the judge, not the jury, could determine an element of the crime.

The jury found Defendant guilty of felony concealment of evidence, and on September 12, 2013, the district court entered a separate judgment on the crime of felony concealment of evidence. Because there was no evidence that the investigation or inquiry involved a *felony* offense, the felony conviction must be vacated. The Defendant does not contend that the evidence was lacking regarding any other element of the crime. Therefore, the judgment for felony concealment of evidence is vacated, and the district court must sentence Defendant for the crime of misdemeanor concealment of evidence.

### III.
### Conclusion.

The judgment for felony concealment of evidence is vacated and this case is remanded for entry of a judgment for the misdemeanor crime of concealment of evidence.

Chief Justice J. JONES, Justices BURDICK, W. JONES, and HORTON **CONCUR.**

7