**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket Nos. 43701/43738**

| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 451 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 27, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JUSTIN LYNN MCCALLUM, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Cheri C. Copsey, District Judge.

Docket No. 43701, order revoking probation and executing underlying sentence, affirmed. Docket No. 43738, judgment for felony destruction of evidence, vacated, and case remanded. Judgment and sentence for felony lewd conduct with a minor under the age of sixteen and the denial of McCallum's Idaho Criminal Rule 35 motion, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Justin Lynn McCallum appeals from two consolidated cases. In Supreme Court Docket No. 43701, McCallum appeals from the district court's order revoking probation and executing the underlying sentence for aiding and abetting the delivery of a controlled substance. There, McCallum alleges the district court abused its discretion when it revoked his probation and executed the underlying sentence. In Supreme Court Docket No. 43738, McCallum appeals from his judgment of conviction for felony lewd conduct with a minor under sixteen years of age and felony destruction of evidence, and the denial of his Idaho Criminal Rule 35 motion. In that case, McCallum's issues on appeal are: (1) there was insufficient evidence to support the conviction for felony destruction of evidence; (2) the district court erred in admitting irrelevant

1

text messages; (3) the district court abused its discretion when it imposed aggregate unified sentences of twenty-five years, with five years determinate; and (4) the district court abused its discretion when it denied McCallum's I.C.R. 35 motion for a sentence reduction. Although the cases were consolidated for purposes of appeal, we will address them separately because the issues in each case are distinct.

In 43701, the district court did not abuse its discretion when it revoked McCallum's probation and executed the underlying sentence. In 43738, the district court erred in entering a judgment of conviction for the offense of felony destruction of evidence because there was insufficient evidence of an element of the offense--that the crime being investigated was a felony. We therefore vacate the judgment of conviction for felony destruction of evidence and remand the case for sentencing on the charge of misdemeanor destruction of evidence. However, the district court did not err when it admitted the text messages. Furthermore, the district court did not abuse its discretion when it imposed sentence for the lewd conduct conviction and denied McCallum's I.C.R. 35 motion for a sentence reduction.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 43701, McCallum was involved in the purchase of marijuana from a confidential informant. McCallum was charged with two counts of felony aiding and abetting delivery of a controlled substance, Idaho Code §§ 37-2732(a)(1)(B), 18-204, and one count of misdemeanor possession of drug paraphernalia, I.C. § 37-2734A(1). McCallum pleaded guilty to one count of aiding and abetting delivery, and in exchange, the State agreed to dismiss the remaining counts. The district court imposed a unified sentence of four years, with one year determinate, suspended the sentence and placed McCallum on probation for three years. The remaining charges were dismissed. While on probation, McCallum was charged with the crimes in 43738. As a result of the convictions in 43738, McCallum admitted to violating his probation for the aid and abet drug delivery charge. The district court revoked McCallum's probation and executed the underlying four-year sentence, with one year determinate.[1]

---

[1] In 43701, it appears the district court misspoke during the probation revocation hearing when it stated it was imposing the underlying five-year sentence, with one year determinate. The court minutes from the original sentence hearing, the initial judgment of conviction, as well as the written order revoking probation and executing the underlying sentence reflect a unified four-year sentence, with one year determinate.

2

In 43738, McCallum engaged in sexual contact with a thirteen-year-old female, A.M. McCallum and A.M. engaged in sexual intercourse and communicated by text messaging before and after the incident. A.M.'s mother discovered the sexual contact, took possession of A.M.'s cell phone, and informed the police. Police then contacted McCallum and requested his phone. When McCallum turned over his cell phone to the police, McCallum explained he had performed a factory reset which deleted all text messages and contact information on the device. In the course of the investigation, the police obtained McCallum's phone records from his phone carrier and also recovered numerous text messages between McCallum and A.M. from A.M.'s phone.

The State filed an information charging McCallum with felony lewd conduct with a minor under sixteen years of age, I.C. § 18-1508, and felony destruction of evidence, I.C. § 18-2603. The State also filed a motion for probation violation in McCallum's aid and abet drug delivery case. Prior to trial, the State filed a notice of intent to introduce evidence under Idaho Rule of Evidence 404(b), which included the text messages exchanged between McCallum and A.M., as well as eight messages from McCallum that A.M. saved in a memo application on her phone. McCallum objected to the admission of all the messages. The district court held the messages would be admissible at trial if the proper foundation was laid. The court explained the messages were admissible under I.R.E. 404(b) because some messages were admissions and others supported knowledge, intent, and motive of the charges. The court further determined that the probative value of all the messages was not substantially outweighed by undue prejudice to McCallum.

At trial, the State admitted the text messages into evidence and A.M. testified about her relationship with McCallum, including the sexual activity. The jury found McCallum guilty of felony lewd conduct with a minor under sixteen years of age and felony destruction of evidence. The district court imposed a unified sentence of twenty-five years, with five years determinate, for the lewd conduct charge and a five-year determinate sentence for felony destruction of evidence charge. The district court ordered all sentences to run concurrently. In 43738, McCallum filed a timely I.C.R. 35 motion for sentence reduction, which the district court denied.

In 43701, McCallum timely appeals from the revocation of probation and execution of the underlying sentence. In 43738, McCallum timely appeals from the judgment of conviction and order denying I.C.R. 35 motion.

## II.

## ANALYSIS

McCallum makes five arguments on appeal. In 43701, McCallum argues the district court abused its discretion when it revoked McCallum's probation and executed the underlying sentence. In 43738, McCallum argues: (1) there was insufficient evidence to support the conviction for felony destruction of evidence; (2) the district court erred in admitting irrelevant text messages; (3) the district court abused its discretion when it imposed aggregate unified sentences of twenty-five years, with five years determinate; and (4) the district court abused its discretion when it denied McCallum's I.C.R. 35 motion for a sentence reduction.

## A. The District Court Did Not Abuse Its Discretion When It Revoked McCallum's Probation

In 43701, McCallum appeals, contending that the district court abused its discretion in revoking probation. It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*. Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district

4

court abused its discretion either in revoking probation or in ordering the execution of McCallum's sentence.

**B.       There Was Insufficient Evidence of a Felony Destruction of Evidence Offense**

In 43738, McCallum argues the record does not support his conviction for felony destruction of evidence because the State did not provide evidence that the subject offense was a felony. According to McCallum, the accusations of evidence destruction were unrelated to any evidence of a felony investigation and, thus, there is insufficient evidence in the record to support a felony conviction. We agree.

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Here, McCallum was convicted of felony destruction of evidence, in violation of I.C. § 18-2603. The crime of destruction of evidence can be either a misdemeanor or a felony, depending upon the facts. Idaho Code § 18-2603 defines both crimes as follows:

> Every person who, knowing that any book, paper, record, instrument in writing, or other object, matter or thing, is about to be produced, used or discovered as evidence upon any trial, proceeding, inquiry, or investigation whatever, authorized by law, wilfully destroys, alters or conceals the same, with intent thereby to prevent it from being produced, used or discovered, is guilty of a misdemeanor, unless the trial, proceeding, inquiry or investigation is criminal in nature and involves a felony offense, in which case said person is guilty of a felony and subject to a maximum fine of ten thousand dollars ($10,000) and a maximum sentence of five (5) years in prison.

According to the statute, destroying evidence is a misdemeanor "unless the trial, proceeding, inquiry or investigation is criminal in nature and involves a felony offense," in which case it is a

felony. I.C. § 18-2603. Therefore, a critical element of felony destruction of evidence is the fact that the underlying crime being investigated is a felony.

McCallum argues there is no evidence that the investigation that involved his cell phone data was for a felony offense. McCallum asserts the State presented no evidence during trial that the offence being investigated was a felony offense. As a result, McCallum contends that while he was charged with destruction of evidence, the State presented no evidence to the jury that the investigation involved a felony and, thus, the conviction for felony destruction of evidence must be vacated.

In *State v. Yermola*, 159 Idaho 785, 367 P.3d 180 (2016), the Idaho Supreme Court addressed the issue of the State's burden to present evidence of a felony offense. There, the defendant was charged with the felony crime of willful concealment of evidence, which is similarly governed by I.C. § 18-2603. *Yermola*, 159 Idaho at 787, 367 P.3d at 182. The issue was "whether the State is required to prove and the jury to find that the subject criminal offense is a felony." *Id.* The Court found first that whether a subject offense is a felony is an issue for the jury to decide. *Id.* at 788, 367 P.3d at 183. Next, the Court applied the following standard to the concealment of evidence charge: "The test for determining whether the State must prove and the jury must find that the criminal offense being investigated is a felony is whether that fact is an element of the crime of felony concealment of evidence." *Id.* In *Yermola*, as in our case, the defendant was charged with a felony violation of I.C. § 18-2603. Thus, the standard articulated in *Yermola* applies here: "Therefore, the fact that the subject crime is a *felony* offense must be submitted to the jury and proved beyond a reasonable doubt because that fact increases the maximum penalty for the offense." *Yermola*, 159 Idaho at 788, 367 P.3d at 183.

In *Yermola*, the trial court instructed the jury that the crime of concealment involved the defendant's knowledge of a gun and/or cell phone as "evidence in a felony trial or inquiry or investigation." *Id.* at 789, 367 P.3d at 184. However, this reference within the jury instructions was not enough to provide evidence of an underlying felony in the case. *Id.* The Court found that the State did not prove the investigation involved a felony because the State offered no evidence during its case that the investigated offense was a felony. *Id.* The Court concluded there was insufficient evidence to support a felony conviction, and the State's failure was not harmless error. *Id.*

6

Here, the State did not present any evidence that the underlying charge of lewd conduct constituted a felony charge. Pursuant to the *Yermola* standard, the State did not satisfy its burden at trial of presenting evidence that the underlying investigation of McCallum involved a felony offense. Five law enforcement officers testified for the State, yet no officer explained that McCallum destroyed information that was part of an investigation into a felony offense. The State argues that although it failed to present evidence that McCallum's lewd conduct was a felony, a rational fact-finder could reasonably infer that the investigation into McCallum's sexual relationship with a thirteen year old involved a felony offense. An inference does not satisfy the State's burden of presenting proof on each element beyond a reasonable doubt. As a result, the State failed to meet its burden of proof on this element.

The State also argues the jury instruction was specific to a felony offense and, therefore, provided evidence that the investigated offense was a felony. At trial, the jury received the following instruction: "The investigation of Lewd Conduct with a Minor Under Sixteen is a felony investigation authorized by law." However, even if the instruction accurately states the law, there was no proof of this element presented to the jury. According to *Yermola*, jury instructions do not, by themselves, constitute evidence of a felony. *Yermola*, 159 Idaho at 789, 367 P.3d at 184. Rather, jury instructions state the law and are not evidence. I.C. § 19-2132; *Yermola*, 159 Idaho at 789, 367 P.3d at 184.

The State similarly asserts the jury instruction indicated the parties essentially stipulated to the fact that the criminal investigation involved a felony offense. We disagree. Here, the record does not indicate the parties intended to or actually stipulated to the fact that it was a felony. In addition, the jury was not instructed that this fact was a stipulated fact. Furthermore, *Yermola* explained the State must submit to the jury that the crime was a felony offense and prove this fact beyond a reasonable doubt. *Yermola*, 159 Idaho at 788, 367 P.3d at 183. A single jury instruction did not overcome the State's failure to satisfy its burden of proving beyond a reasonable doubt that the subject crime was a felony. The State did not present evidence that the underlying charge of lewd conduct constituted a felony charge and, thus, the State did not satisfy the elements required to prove felony destruction of evidence. However, the State did establish the elements of a misdemeanor offense and, therefore, we remand this case for sentencing on misdemeanor destruction of evidence in violation of I.C. § 18-2603.

**C.      The District Court Did Not Err When It Admitted Text Messages Into Evidence**

In 43738, McCallum argues the district court abused its discretion by admitting certain text messages into evidence at trial. The evidence rule in question, I.R.E. 404(b), provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall file and serve notice reasonably in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009). Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule. *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of evidence to which an I.R.E. 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred. If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice. *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009). On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported by substantial and competent evidence in the record. *Parmer*, 147 Idaho at 214, 207 P.3d at 190. We exercise free review, however, of the trial court's relevancy determination. *State v. Sheldon*, 145 Idaho 225, 229, 178 P.3d 28, 32 (2008). The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion. *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011).

**1.      Relevance**

McCallum does not challenge the existence of the text messages or the fact that he deleted them. Therefore, we first address whether the messages were relevant. McCallum

8

asserts that some messages exchanged with A.M. were irrelevant to whether McCallum engaged in lewd conduct or felony destruction of evidence. We disagree.

Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *Stevens*, 146 Idaho at 143, 191 P.3d at 221. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010). We review questions of relevance de novo. *State v. Raudebaugh*, 124 Idaho 758, 764, 864 P.2d 596, 602 (1993); *State v. Aguilar*, 154 Idaho 201, 203, 296 P.3d 407, 409 (Ct. App. 2012).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

The evidence at issue here involved sixty-one text messages, fifty-three of which were exchanged on the morning of July 12, 2014,[2] and eight were sent from McCallum prior to the July 12 conversation and subsequently saved in a memo application on A.M.'s cell phone. Some messages contained explicit content that described the sexual nature of McCallum's relationship with A.M. The messages were all admitted into evidence at trial, but were objected to by McCallum prior to their admission.

McCallum and the State disagree as to the relevance of the messages. McCallum focuses on the lewd conduct charge and argues that all the messages are not relevant to prove lewd conduct, with the exception of four messages that specifically discussed sexual acts that occurred between McCallum and A.M. The State, in contrast, argues the messages were relevant for two reasons. First, the messages tend to prove McCallum's motive and intent to engage in lewd conduct. Second, the messages were relevant to the destruction of evidence charge because the

---

[2]    McCallum argues the evidence at issue is "nearly fifty text messages," but this appears to reference only the forty-eight messages exchanged between McCallum and A.M., and does not include several messages sent from A.M. to her mother.

9

content of the messages establish McCallum's motive to erase all the messages on his phone to conceal evidence of his relationship with A.M.

Only eight messages were relevant to the lewd conduct charge. The lewd conduct in this case occurred on July 6, 2014. Three of the eight messages[3] were received before July 6. Since these messages assisted in understanding the relationship between the two parties and the motive involved in the lewd conduct crime, the district court did not err in finding these three messages relevant. Five additional messages specifically refer to the sexual act that occurred on July 6, making these messages relevant as well. All of the remaining messages were not relevant to the lewd conduct charge because either they did not discuss the sexual act between A.M. and McCallum or they did not provide the same context for the relationship between the parties. Although some of the messages were sexually explicit, that alone does not make the remaining messages relevant to prove lewd conduct. Therefore, only eight text messages were relevant to the lewd conduct charge.

However, all erased messages were relevant to the destruction of evidence charge, including the messages that were otherwise irrelevant to the lewd conduct charge. The messages exchanged between McCallum and A.M. were relevant to establish: (1) the fact and nature of their relationship; (2) the reason McCallum deleted the messages; and (3) McCallum's attempt to conceal the content of the messages from law enforcement. Each message tended to make it more likely than not that McCallum willfully destroyed the messages to prevent their use or discovery in an investigation against him or in a trial on a sexual offense charge. Moreover, evidence of McCallum's efforts to affect the content of his cell phone is also relevant to demonstrate consciousness of guilt. *State v. Pokorney*, 149 Idaho 459, 463, 235 P.3d 409, 413 (Ct. App. 2010). Although many messages were irrelevant for the lewd conduct charge, all of the messages at issue were relevant for the destruction of evidence charge.

### 2. Probative value

The next question is whether the probative value of the messages is substantially outweighed by the danger of unfair prejudice to the defendant. McCallum argues the court erred in admitting the messages because they had little probative value and were highly prejudicial to McCallum.

---

[3] The messages were saved within A.M.'s phone and dated June 26, June 28, and June 28, 2014.

Preliminarily, McCallum admits four messages were relevant to the lewd conduct charge since the messages referenced the sexual intercourse between McCallum and A.M. McCallum impliedly accepts these messages as admissible because he does not include any analysis of their prejudice or lack of probative value. Instead, McCallum argues only that the messages which did not explicitly discuss prior sexual action were irrelevant to the lewd conduct charge. McCallum then asserts: "Additionally, even if such evidence was minimally relevant, the probative value of the prior bad acts evidence would be substantially outweighed by any prejudicial effect." We, therefore, consider McCallum's objection as dealing only with the texts that "did not explicitly discuss acts that had already occurred," therein exempting the four messages that directly refer to the prior sexual act from our analysis of probative value and prejudicial effects.

For the remaining messages at issue, the probative value was not substantially outweighed by the danger of unfair prejudice. McCallum asserts the sexual nature and suggestiveness of several messages was prejudicial to McCallum and "undoubtedly disgusted the jury." However, inflammatory language and suggestive information does not in itself create prejudice. "Evidence is not unfairly prejudicial simply because it is damaging to a defendant's case." *State v. Fordyce*, 151 Idaho 868, 870, 264 P.3d 975, 977 (Ct. App. 2011). Rather, evidence is unfairly prejudicial when the evidence suggests a decision on an improper basis. *Pokorney*, 149 Idaho at 465, 235 P.3d at 415. In this case, the nature of the lewd conduct charge forced the State to present sexually suggestive evidence at trial and A.M. testified about the specific sexual act at issue. Despite McCallum's claim to the contrary, the evidence did not suggest an improper basis for a decision. There is nothing in the record to suggest the jury was "undoubtedly disgusted" or that any feeling of disgust was attributable to the content of the text messages as opposed to A.M.'s testimony.

Moreover, because McCallum was also charged with felony destruction of evidence, the State was required to prove that McCallum willfully destroyed the evidence with the intent to prevent it from being produced, used, or discovered at trial. The content of the messages evidenced the illegal sexual relationship between McCallum and A.M. and, thus, was the reason McCallum would destroy those text messages to prevent any discovery of that relationship. A.M.'s testimony of the sexual incident and the text messages assisted the State in explaining why McCallum intended to destroy the evidence, which was necessary to prove each element of

11

the crime. Any potential prejudice was therefore not unfair to McCallum because the jury already heard testimony regarding some of the content of the messages. The evidence was necessary to establish the crime of destruction of evidence and was evidence of McCallum's consciousness of guilt. As a result, the probative value of the messages was not substantially outweighed by unfair prejudice, since there was no unfair prejudice.

**D.      Any Error in Admitting the Text Messages Was Harmless**

In 43738, the district court did not err in admitting the messages into evidence. However, even if we were to consider the district court's admission as error, we hold that any such error was harmless. This Court applies the harmless error test articulated by the United States Supreme Court in *Chapman v. California*, 386 U.S. 18 (1967); *See State v. Perry*, 150 Idaho 209, 222, 245 P.3d 961, 974 (2010). Under the two-part *Chapman* test, the defendant must establish the existence of an error, "at which point the State shall have the burden of demonstrating that the error is harmless beyond a reasonable doubt." *Perry*, 150 Idaho at 222, 245 P.3d at 974. To meet that burden, the State must "prove[] 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Id.* at 221, 245 P.3d at 973 (quoting *Chapman*, 386 U.S. at 24). Interpreting *Chapman*, the United States Supreme Court has explained that:

> To say that an error did not "contribute" to the ensuing verdict is not, of course, to say that the jury was totally unaware of that feature of the trial later held to have been erroneous. . . .
> To say that an error did not contribute to the verdict is, rather, to find that error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record.

*Yates v. Evatt*, 500 U.S. 391, 403-04 (1991) (overruled in part on other grounds *by Estelle v. McGuire*, 502 U.S. 62, 72 n.4 (1991)). Thus, an appellate court's inquiry "is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error." *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993).

In this case, any error in admitting the evidence of the text messages was harmless because the verdict in this case was unattributable to the admission of the text messages. A.M. testified that she and McCallum had a sexual relationship. If believed, this testimony alone was sufficient for the jury to find McCallum guilty of the lewd conduct charge. Similarly, McCallum admitted that he destroyed all the text messages, including the four messages that explicitly discussed the sexual acts on July 6, 2014. McCallum's admission that he destroyed those

12

messages was sufficient evidence to establish McCallum destroyed evidence to prevent its discovery. Because the jury was provided evidence of the content of four of the messages, heard A.M.'s testimony, knew of additional messages on the phone, and learned that McCallum destroyed the messages, the admission of the additional sexual text messages was unattributable to the jury's verdict of guilty on both the lewd conduct charge and the destruction of evidence charge. Thus, even if the admission of the text messages was erroneous, such error was harmless.

**E.     The District Court Did Not Abuse Its Discretion When It Imposed Sentence**

In 43738, McCallum appeals, contending that his sentences are excessive. Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

**F.     The District Court Did Not Abuse Its Discretion When It Denied McCallum's I.C.R. 35 Motion For a Sentence Reduction**

In 43738, McCallum filed a timely I.C.R. 35 motion, which the district court denied. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with McCallum's I.C.R. 35 motion, we conclude no abuse of discretion has been shown.

### III.

### CONCLUSION

The district court did not abuse its discretion in 43701 when it revoked McCallum's probation and executed his underlying sentence. In 43738, the district court erred in entering a

13

judgment of conviction for the charge of felony destruction of evidence because the State failed to present sufficient evidence of a felony offense. However, the district court did not err when it admitted the text messages or abuse its discretion when it imposed sentence and denied McCallum's I.C.R. 35 motion for a sentence reduction.

Therefore, in 43701, the order revoking probation and executing the underlying sentence is affirmed. In 43738, the judgment for felony destruction of evidence is vacated and the case is remanded for entry of judgment for the misdemeanor crime of destruction of evidence. The judgment and sentence for felony lewd conduct with a minor under the age of sixteen and the denial of McCallum's I.C.R. 35 motion are affirmed.

Chief Judge GRATTON and Judge MELANSON **CONCUR**.