**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 48138**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | **Boise, May 2022 Term** |
| | ) | |
| v. | ) | **Opinion Filed: November 2, 2022** |
| | ) | |
| KATHRYN DIANNE ADKINS, | ) | **Melanie Gagnepain, Clerk** |
| | ) | |
| Defendant-Appellant. | ) | |
| _____ | ) | |

Appeal from the District Court of the Third Judicial District of the State of Idaho, Adams County. Christopher S. Nye, District Judge.

Adkins' conviction is <u>affirmed</u>, her sentence is <u>vacated</u>, and the case is <u>remanded</u> for entry of a corrected sentence.

Eric D. Fredericksen, State Appellant Public Defender, Boise, for Appellant. Justin Curtis argued.

Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondent. Ken Jorgensen argued.

_____

BRODY, Justice.

Kathryn Dianne Adkins appeals from her conviction for felony concealment of evidence. Whether the crime of concealment of evidence is a felony depends on whether the investigation or trial to which the evidence relates involves a misdemeanor offense or a felony offense. Because the felony status of the underlying offense is a "fact" that increases the maximum sentence that may be imposed, Adkins argues that in a jury trial this must be decided by the jury, not the judge. For the reasons explained below, we disagree and affirm the judgment of conviction. The sentence imposed by the district court, however, exceeded the maximum permitted under Idaho Code section 18-2603. We vacate the sentence and remand for entry of a corrected sentence.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In March 2019, Adkins was riding in a car driven by her partner, Lucky, when Idaho State

Police Trooper Andrew Fisher stopped Lucky for speeding. Adkins' friend Penny was also riding in the car. During the stop, Fisher asked the three about an odor of marijuana emanating from the car. Eventually, Penny admitted that they had some marijuana. Shortly after, Lucky handed over a small bag containing marijuana and a marijuana pipe to Fisher. Fisher ordered the three out of the car. He searched Lucky's person and did not find anything illegal. He then searched the car and found a methamphetamine pipe.

Fisher called Lucky away from the others to ask who owned the methamphetamine pipe. During this conversation, Lucky began slurring his words, sweating profusely, and one side of his face began to droop. Worried that Lucky was having a stroke, Fisher had him take a seat by the side of the road and called for an ambulance. Adkins asked if she could sit with Lucky to comfort him, which Fisher allowed.

While waiting for the ambulance, Fisher was walking between his patrol car and Adkins' car when he "saw something out the corner of [his] eye go flying up the highway." Fisher found a small, plastic jar about 10 yards from where Adkins and Lucky were sitting. It contained what was later determined to be methamphetamine. Fisher placed Adkins under arrest, believing that she had thrown the jar since he had already searched Lucky and knew Lucky did not have a jar on his person. Adkins was uncooperative but eventually told Fisher that Penny had given her the jar after they were stopped and asked her to hide it. Adkins then hid the jar in her clothes. Later while sitting with Lucky, Adkins claimed Lucky took the jar from her and threw it.

The State charged Adkins with two felonies (possession of methamphetamine and felony concealment of evidence), and three misdemeanors (possession of marijuana, possession of drug paraphernalia, and resisting arrest). Adkins stood trial in February 2020, and the jury found her guilty of possessing methamphetamine (a felony), felony concealment of evidence, and resisting arrest (a misdemeanor).

Regarding the felony concealment of evidence charge, the jury was instructed that it was required to return a verdict of guilty if it found that Adkins "willfully conceal[ed] an object or thing knowing that it was about to be produced, used, or discovered as evidence in a criminal investigation involving possession of methamphetamine with the intent to prevent it from being produced, used, or discovered[.]" The possession of methamphetamine is a felony, *see* I.C. § 37-2732(c)(1), but the jury was not presented with evidence to this effect.

2

The district court imposed a six-year indeterminate sentence with the first two years fixed for each of the felony convictions, the sentences to run concurrently. The district court suspended the execution of Adkins' sentences and placed her on probation for four years. Adkins timely appealed.

## II.    STANDARD OF REVIEW

Although Adkins frames her argument as a question of the sufficiency of the evidence, the pivotal question in this appeal involves the constitutional right to trial by jury. This Court exercises free review over constitutional questions. *State v. Sanchez*, 165 Idaho 563, 567, 448 P.3d 991, 995 (2019) (citing *Leavitt v. Craven,* 154 Idaho 661, 665, 302 P.3d 1, 5 (2012)).

## III.    ANALYSIS

The Supreme Court of the United States held in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. This Court, in *State v. Yermola*, 159 Idaho 785, 367 P.3d 180 (2016), considered the applicability of *Apprendi*'s holding when a defendant is charged with felony concealment of evidence under Idaho Code section 18-2603. That statute provides that the concealment of evidence is a misdemeanor when it is intended to impede the investigation of a misdemeanor, and a felony when intended to impede the investigation of a felony:

> Every person who, knowing that any book, paper, record, instrument in writing, or other object, matter or thing, is about to be produced, used or discovered as evidence upon any trial, proceeding, inquiry, or investigation whatever, authorized by law, wilfully destroys, alters or conceals the same, with intent thereby to prevent it from being produced, used or discovered, is guilty of a misdemeanor, unless the trial, proceeding, inquiry or investigation is criminal in nature and involves a felony offense, in which case said person is guilty of a felony . . . .

I.C. § 18-2603. Reasoning that the classification of an underlying offense as a felony was a fact that increased the penalty under section 18-2603, we held in *Yermola* that the status of that offense as a felony "must be proved by the State and found by the jury." *Yermola*, 159 Idaho at 789, 367 P.3d at 184.

At Adkins' trial, the State presented no evidence to establish that the possession of methamphetamine was a felony. Thus, Adkins argues her conviction must be vacated for insufficiency of the evidence. We disagree. We hold that the role of the jury in a concealment of evidence case includes determining the offense that was the subject of the relevant trial or

3

investigation (which is a question of fact), but it does not include determining whether that offense is a felony (which is a question of law). Thus, there was no need for the State to introduce evidence establishing that possession of methamphetamine was a felony. To the extent *Yermola* held otherwise, it is overruled.

Our decision in *Yermola* failed to account for the difference between adjudicative and legal facts. An adjudicative fact is "[a] controlling or operative fact, rather than a background fact; a fact that is particularly related to the parties to a proceeding and that helps the tribunal determine how the law applies to those parties." *State v. Lemmons*, 158 Idaho 971, 974, 354 P.3d 1186, 1189 (2015) (quoting Black's Law Dictionary 610 (7th ed. 1999)). A legal fact is "[a] fact concerning the state of the law." *Fact*, Black's Law Dictionary (11th ed. 2019). In a jury trial, it is for the jury to determine adjudicative facts. *Lemmons*, 158 Idaho at 974, 354 P.3d at 1189. By contrast, the determination of legal facts—in other words, stating what the law is—is unquestionably the role of the court. *See United States v. Gaudin*, 515 U.S. 506, 513 (1995) (recognizing that juries are not empowered to decide pure questions of law); *see also* I.C.J.I. 202 ("As members of the jury it is your duty to decide what the facts are and to apply those facts to the law that [the court has] given you."). By requiring the jury to determine what the underlying offense was *and* whether the underlying offense was a felony, *Yermola* vested the jury with the power to determine both the salient facts and the law. *See Yermola*, 159 Idaho at 789, 367 P.3d at 183. This is contrary to the well-established distinction between the roles of the judge and jury. *See Gaudin*, 515 U.S. at 513.

Moreover, *Apprendi* did not necessitate the holding reached in *Yermola*. The fact the United States Supreme Court held was required to have been found by the jury in *Apprendi* was whether the defendant's conduct was motivated by racial bias. Plainly, this was an adjudicative fact. It related specifically to the defendant and determined how the law applied to his conduct. The same is true throughout the Supreme Court's line of cases of which *Apprendi* is a part. *See Jones v. United States*, 526 U.S. 227, 230 (1999) (maximum sentence increased by the severity of injury or death *caused by the defendant's conduct*); *Ring v. Arizona*, 536 U.S. 584, 589 (2002) (maximum sentence increased by aggravating factors *of the defendant's crime*); *Alleyne v. United States*, 570 U.S. 99, 116 (2013) (minimum sentence increased by *the defendant's use of a firearm* in the commission of a crime); *S. Union Co. v. United States*, 567 U.S. 343, 360 (2012) (criminal fine increased by *the duration of a corporate defendant's crime*). The significance of these cases is that courts may not usurp the function of the jury by deciding adjudicative facts, not that juries

4

may assume the function of the court by deciding legal facts.

This Court reached the opposite conclusion in *Yermola* by likening Idaho Code section 18-2603 to statutes prohibiting the possession of firearms by felons and mandating enhanced sentences for persistent violators. *See State v. Yermola*, 159 Idaho 785, 788, 367 P.3d 180, 183 (2016). While the comparison was apt, the conclusion was wrong. These statutes are like the concealment of evidence statute in that a defendant's criminal liability is affected by the felony status of a crime other than the one for which he or she is on trial. *See* I.C. §§ 18-3316, 19-2514. But the jury's role in these cases is limited to deciding adjudicative facts, such as whether the defendant is the same as a person named in a prior judgment of conviction for a specific offense. To the extent there is a question about the legal classification of the prior offense, that is a matter of statutory interpretation—a purely legal question for the court. *Cf. State v. Glodowski*, 166 Idaho 771, 774–75, 463 P.3d 405, 408–09 (2020) (recognizing that it was for the court to determine whether the defendant's prior out-of-state conviction was of a kind to require sex-offender registration in Idaho).

Here, the jury was instructed as follows:

> In order for the defendant to be guilty of concealment of evidence, the state must prove each of the following:

1. On or about March 5, 2019

2. in the state of Idaho

3. the defendant, Kathryn Dianne Adkins

4. did willfully conceal

5. an object or thing

6. knowing that it was about to be produced, used, or discovered as evidence in a criminal investigation involving possession of methamphetamine

7. with the intent to prevent it from being produced, used, or discovered

> If any of the above has not been proven beyond a reasonable doubt, you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, then you must find the defendant guilty.

Critically, this instruction directed the jury to find Adkins guilty if it affirmatively

5

answered three key questions of adjudicative fact: whether Adkins "[1] willfully conceal[ed] an object or thing [2] knowing that it was about to be produced, used, or discovered as evidence *in a criminal investigation involving possession of methamphetamine* [3] with the intent to prevent it from being produced, used, or discovered" in that investigation. (Emphasis added). The instruction directed the jury to determine whether Adkins intended to impede the investigation of a specific crime—possession of methamphetamine. As a matter of law, possession of methamphetamine is a felony, and its classification as such does not depend on any additional question of fact, such as the quantity possessed. *Compare* I.C. § 37-2732(c)(1) (providing that it is a felony to possess any quantity of methamphetamine) *with* I.C. § 37-2732(e) (possession of marijuana not a felony, unless in an amount greater than three ounces). The evidence was sufficient to support the jury's determination as to all three questions, and it was not for the jury to determine whether the possession of methamphetamine was a felony. Therefore, we reject Adkins' argument that the evidence was insufficient to support her conviction.

That said, we observe that Adkins' sentence was improper. The maximum sentence under section 18-2603 is a ten thousand dollar fine and five years of imprisonment. Here, Adkins was sentenced to an indeterminate term of six years for the concealment of evidence conviction before being placed on probation. "[A] sentence that is illegal from the face of the record" may be corrected "at any time." I.C.R. 35(a). Because Adkins' sentence exceeds the statutory maximum, it is illegal. Therefore, we vacate Adkins' sentence and remand for an entry of a corrected sentence under Idaho Criminal Rule 35(a).

## IV.    CONCLUSION

For the reasons above, Adkins' conviction is affirmed, her sentence is vacated, and the case is remanded for the entry of a corrected sentence.

Chief Justice BEVAN, and Justices STEGNER, MOELLER and ZAHN CONCUR.

6